Melissa Phyllis ZIELKE, a Minor, by her parents and next friends, Sharone C. Zielke and E. Ronald Zielke, and Sharone C. Zielke and E. Ronald Zielke, individually, Plaintiffs,

v.

WAUSAU MEMORIAL HOSPITAL, Now Known as Wausau Hospital, Inc., and their Insurers, Continental Insurance Company; T. H. Peterson, M.D., and his Insurer, the Medical Protective Company; Donald Janes, M.D., and his Insurer, the Medical Protective Company; and Martha Stargardt, C.R.N.A., and her Insurer, Continental Insurance Company, Defendants.

No. 80–C–147.

United States District Court, W. D. Wisconsin.

Jan. 13, 1982.

---

Turner & Shoemaker, Rockford, Ill., for plaintiffs.

Richard A. Hollern, Brian E. Butler and Jeffrey M. Gallagher, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for defendants Martha Stargardt, Wausau Memorial Hospital and Continental Ins. Co.

Douglas J. Klingberg, Wausau, Wis., for defendants T. H. Peterson, The Medical Protective Co., and Donald Janes.

CRABB, District Judge.

This is a civil case for monetary damages based on the alleged improper medical treatment provided to Melissa Phyllis Zielke (Melissa) at the time of, and immediately following, her birth. Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332.

Melissa, by her parents, has alleged that defendants Wausau Memorial Hospital, now known as Wausau Hospital, Inc., Dr. T. H. Peterson, Dr. Donald Janes, and Martha Stargardt, C.R.N.A. caused her to suffer brain damage by acting contrary to prevailing and accepted medical standards. In addition, Melissa's parents, Sharone C. and E. Ronald Zielke (the parents) have alleged a separate injury to themselves as parents because of medical and caretaking expenses they have incurred and will incur for the care and treatment of their disabled daughter. The Medical Protective Company, insurer of defendants Peterson and Janes, has been joined as a defendant; Continental Insurance Company, insurer of defendants Wausau Hospital and Stargardt, has also been named a defendant.

This matter is before the court on three motions to dismiss various counts of the complaint for failure to state a claim on which relief can be granted.[1] First, defendant Continental moves to dismiss all claims against it because it was not identified as a joined party until after the limitations period expressed in Wis.Stats. § 893.235 (1977) had run. Second, all of the defendants have moved to dismiss all claims brought by the parents, contending that such claims are barred by the statute of limitations, Wis. Stats. § 893.205 (1977).[2] Finally, defendant Medical Protective moves to dismiss all claims against itself as insurer of defendant Peterson on the basis of a clause in its contract with Peterson prohibiting direct actions by injured parties.

In considering a motion to dismiss, the facts alleged in the complaint are presumed to be true and the motion should not be granted if a claim for relief could conceivably be proven by those facts. *Kochlacs v. Local Board No. 92*, 476 F.2d 557 (7th Cir. 1973); *United Milk Products Co. v. Lawndale National Bank of Chicago*, 392 F.2d 876 (7th Cir. 1968). Applying this standard to the allegations of the second amended complaint, I find the following to be facts for the sole purpose of disposing of these motions.

---

1. A fourth motion was filed by defendant Medical Protective to dismiss the entire complaint "based upon applicable statutes of limitation." This motion was docketed on December 4, 1980; however, Medical Protective appears not to have briefed the dismissal of Melissa's claims based on a statute of limitations argument. As I see no basis for such a dismissal, Medical Protective's motion to dismiss Melissa's claims will be denied.

2. Wis.Stats. § 893.205 (1977) sets forth the periods in which various actions may be brought. As applicable here, the statute provides for a period of three years in which to bring an action to recover damages for injuries to the person.

## FACTS

On May 10, 1970, Melissa was born at Wausau Hospital. Defendant health care providers were responsible for Melissa's care and either failed to act or acted improperly concerning a number of required or warranted procedures. These acts and omissions caused continuing injury to Melissa, beginning on the day of her birth.

Melissa was delivered in the frank breech position and at birth had a delay in respiration, respiratory distress and a sluggish Moro reflex. Moreover, as a direct result of the acts and omissions of the defendant health care providers, Melissa became hypoxic, hypoglycemic, cyanotic, cold stressed, suffered seizures and sustained brain damage.

On May 10, 1970, defendants Wausau Hospital and Stargardt were insured by Continental; defendants Peterson and Janes were insured by Medical Protective.

In both their original and first amended complaints, plaintiffs named as a defendant the "unknown insurer" of defendants Wausau Hospital and Stargardt. Not until they filed their second amended complaint on July 3, 1980, did plaintiffs name Continental and identify it as a party.[3]

## OPINION

### I. Claims Against Continental

Continental has moved to dismiss the second amended complaint for failure to state a claim upon which relief may be granted on the grounds that all claims against Continental are barred by the applicable statute of limitations. Since I con-

sider the dismissal of the parents' claims against all parties in Part II *infra*, I will treat this motion as one to dismiss the claims of plaintiff Melissa against defendant Continental.

■ A motion to dismiss for failure to state a claim is generally to be decided on the basis of the allegations of the complaint alone. Where the complaint is definite enough to permit consideration of a limitations defense without resort to facts outside the complaint, however, the limitations defense may be raised and acted upon through a motion to dismiss the complaint. *Contract Buyers League v. F & F Investment*, 300 F.Supp. 210, (N.D.Ill.1969), *aff'd* 420 F.2d 1191 (7th Cir.), *cert. denied* 400 U.S. 821, 91 S.Ct. 40, 27 L.Ed.2d 49 (1970).

Continental's claim is based on the fact that it was not actually named and identified as a party until the filing of the second amended complaint. Since the cause of action accrued on May 10, 1970, Continental claims that the ten-year limitations period specified in § 893.235[4] bars plaintiff's action against it.

### A. Applicability of § 893.235

Plaintiff argues that § 893.235 is not applicable because it was not in effect in 1970 at the time the cause of action accrued. Plaintiff contends that the section governing the timeliness of this action is Wis. Stats. § 893.33 (1977), which tolls the running of the statute of limitations until a minor reaches the age of eighteen and then provides an additional year in which to bring suit.

---

**3.** Although these facts do not appear on the face of the operative complaint, I take judicial notice of the headings of the two prior complaints in this action on file with this court and of the dates of occurrences in this court concerning the conduct of this litigation. *Phillips v. Bureau of Prisons*, 591 F.2d 966 (D.C.Cir. 1979).

**4.** Wis.Stats. § 893.235 (1977) provides:

Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall

bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by, a person who is licensed, certified, registered or authorized to practice as a health care provider under state law within the time limitation under s. 893.205(1) or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

Plaintiff's argument rests on the applicability of Wis.Stats. § 991.07 [5] to this case. Plaintiff believes that § 991.07 prohibits the retroactive application of § 893.235 to her situation, because the cause of action accrued under a different statute, § 893.33. I conclude that plaintiffs' argument is not supported by Wisconsin law.

In *Feest v. Allis-Chalmers*, 68 Wis.2d 760, 229 N.W.2d 651 (1975), the Supreme Court for the State of Wisconsin discussed the effect of § 991.07 where the time in which a minor was to file his action under § 893.33 had been altered by an amendment to the latter statute. The amendment had lowered the age of majority from twenty-one to. eighteen when the plaintiff was already twenty years old; the plaintiff argued that § 991.07 prohibited the changing of the limitations period that already applied to his cause of action. The court dismissed plaintiff's complaint, holding that his claim, which was brought later than one year after plaintiff reached eighteen and later than one year after the effective date of the new enactment, was barred by the statute as amended.

In reaching this conclusion, the court noted that § 893.33 does not set a limitations period, but instead *tolls* the limitations period until the minor reaches legal age. At that point, the injured person has one year in which to bring an action.

The court noted that § 991.07 applies only where a limitation period has "begun to run." It found that until a minor reaches eighteen (or twenty-one), the tolling period of § 893.33 is in effect and his or her limitations period has not begun to run. The court concluded that § 991.07 was not

applicable because "the relevant period of limitation barring the plaintiff's cause of action had not begun to run on the effective date" of the new provision lowering the age of majority. *Id.* at 765, 229 N.W.2d 651. Since the old version of the statute was not a "running" limitations period, § 991.07 did not prohibit the new version from applying to plaintiff.

■ This same principle must govern the issue at bar. Although § 893.235 was not enacted until 1977, § 991.07 does not prohibit its application to plaintiff's case, since no other limitations period barring plaintiff's action had begun to run by 1977. According to *Feest*, § 893.33 was merely tolling the running of the limitations period until plaintiff reached majority. Consequently, § 893.235, not § 893.33, is the appropriate section by which to determine whether Melissa's claims against Continental are barred.

**B. Exception for Developmental Disabilities**

Section 893.235 exempts from its operation a person with a "developmental disability." Thus, even though § 991.07 does not prevent § 893.235 from applying to Melissa's claims, the ten-year limitation in that statute may not apply if Melissa can be shown to be a person with a developmental disability.

Section 893.235 contains no explanation or definition of "developmental disability." [6] Defendant Continental suggests that the definition found in Wis.Stats. § 51.01(5)(a) of the State Mental Health Act, is applicable to this case:

> limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed.

**5.** Wis.Stats. § 991.07 provides:

In any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such

**6.** In passing this section, the legislature made only the findings that, in suits against health care providers, the interests of minors could be adequately protected by the standard three-year limitations period and that the interests of very young minors could be adequately protected by enlarging the period until the minor's tenth birthday. 1977 Wis.Laws, Ch. 390, § 1.

(5)(a) "Developmental disability" means a disability attributable to mental retardation, cerebral palsy, epilepsy, autism, or another neurological condition closely related to mental retardation or requiring treatment similar to that required for mental retardation, which has continued or can be expected to continue indefinitely and constitutes a substantial handicap to the afflicted individual. "Developmental disability" does not include senility which is primarily caused by the process of aging or the infirmities of aging. Continental contends that Melissa's condition does not fall within this definition.

I find no reason to believe that a definition found in the State Mental Health Act has any applicability to a term used in a limitations statute. Even if I accepted defendant's argument that § 51.01(5)(a) applies, Melissa has alleged sufficient facts to bring herself within the developmental disability exception to § 893.235.

■ The complaint alleges that Melissa sustained brain damage as a result of defendants' actions. Assuming the truth of this allegation, I cannot say that plaintiff will not be able to show any set of facts which brings her within the developmental disability exception. Rather, it seems highly likely that brain damage could create a condition "requiring treatment similar to that required for mental retardation." Moreover, I find that the allegations of the complaint suggest the presence of a developmental disability under any definition of that term. Therefore, I cannot say that § 893.235 applies to bar plaintiff Melissa's claim against Continental.[7]

### C. The Proper Statute of Limitations

Although I have found that plaintiff comes within the developmental disability exception to the ten-year statute of limitations with respect to actions against health care providers (§ 893.235), I do not believe that § 893.33 (tolling the running of the statute until a minor is eighteen) is the correct statute by which to determine the limitations period governing Melissa's claim. Section 893.33 is no longer in effect, having been superseded by Wis.Stats. §§ 893.16 and 893.18. 1979 Wis.Laws, Ch. 323, § 28. Under Wisconsin law, the new provisions in §§ 893.16 and 893.18 now apply because § 893.33 was merely a tolling statute. *Feest v. Allis-Chalmers*, 68 Wis.2d at 765, 229 N.W.2d 651.

Section 893.18 applies to any cause of action which accrued before July 1, 1980, in which

(2) . . . a person entitled to bring an action . . . is, at the time the cause of action accrued, either

a) within the age of 18 years, except for actions against health care providers; or

b) Insane; or

c) Imprisoned on a criminal charge . . .

For those who fall within these categories, this section provides that

the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

Wis.Stats. § 893.18(2)(c).

Section 893.18, therefore, tolls the statute of limitations for a person under eighteen, except in suits against health care providers, until one year after the person's eighteenth birthday. Normally in an action against a health care provider, § 893.235 limits the tolling such that the minor must bring the action by his or her tenth birthday; however, where the minor suffers from a developmental disability, § 893.235 does not apply.

---

7. Because of my finding that Melissa's claim does not even fall under the ten-year period of limitations set by § 893.235, I make no findings regarding Continental's argument that the amendment to the complaint naming it as a party does not relate back to the date of the original filing. If the ten-year period does not apply, whether Continental was named within or outside that period is immaterial, so long as it was named within the nineteen-year period in which Melissa may bring suit.

■ I conclude that the phrase "except for actions against health care providers" in § 893.18 is limited by the language in § 893.235.[8] Therefore, the only minors whose limitations periods are not tolled until one year following their eighteenth birthday are those who come within the terms of § 893.235. Since minors with a developmental disability are not affected by § 893.235, their situation continues to be governed by § 893.18. Accordingly, I find that under the current statutory scheme, Melissa has until one year following her eighteenth birthday to bring this action and I will deny Continental's motion to dismiss Melissa's claims against it.

## II. Parents' Claims

The parents have claimed damages from the defendants on the basis of the expense for medical and custodial care they have incurred and will continue to incur as a result of defendants' negligence. The defendants claim that § 893.205[9] precludes the bringing of the parents' cause of action. This section requires that actions to recover damages for injuries "to the person" must be brought within three years. Since the damage first occurred on May 10, 1970, and the complaint was not filed until April 7, 1980, defendants argue that the parents may no longer bring their claim for damages against them.

The parents contend that their cause of action [10] is "derived from the cause of action and injuries sustained by the minor and that the special provisions of § 893.235 [11] apply to their claims as well as to Melissa's. Therefore, the parents assert that their claims should not have been barred until Melissa reached the age of nineteen, instead of three years after her birth. In support of their argument, the parents cite *Estate of Kohls*, 57 Wis.2d 141, 203 N.W.2d 666 (1973) for the proposition that their claim must fall into the same statute of limitations category as their daughter's because both claims derive from the daughter's injury. I find this argument to be without merit.

■ The plain language of § 893.18 indicates that its applicability is limited to persons under the age of eighteen. The parents argue that their cause of action is inalterably linked to their child's; but it is clear under Wisconsin law that a parent's cause of action is separable from a child's, even though both are derived from a single injury. *Sulkowski v. Schaefer*, 31 Wis.2d 600, 608, 143 N.W.2d 512 (1965). *See also Fagnan v. Great Central Insurance Co.*, 577 F.2d 418, 419 n.2 (7th Cir. 1978).

---

**8.** The interplay of these two statutes is somewhat abstruse because "developmental disability" is not one of the disabilities covered under § 893.18; yet if the only disability is the person's age, § 893.235 should apply. Moreover, § 893.18 extends the limitations period until eighteen years of age only where the disability claimed is "infancy;" otherwise the disability can only toll the running of the limitations period for only five years. Consequently, there is a risk that a minor with a developmental disability could be found to be covered by no tolling provisions at all or that a minor excepted from the limited ten-year tolling of § 893.235 because of a greater disability than infancy would have the benefit of only the five-year tolling of § 893.18 because the disability was not simply infancy. Either of these results would be illogical and clearly inconsistent with legislative intent. I have construed the two provisions in a manner which resolves this apparent conflict while doing the least damage to their intended application.

**9.** See note 2 *supra*.

**10.** In their brief on this point, the parents also refer to a claim for "loss of society and companionship." See Brief in Opposition to Motion to Dismiss at 1–2. I have found no such claim in the second amended complaint and make no finding regarding the viability of such a claim. In terms of the limitations issue, however, it appears unlikely that a claim for loss of society would be treated differently from a claim for expenses for the care of the disabled person. Both of these claims are claims for consequential damages resulting from injury "to the person" of the injured party. *Ylen v. Mutual Service Casualty Ins. Co.*, 263 Wis. 270, 273, 57 N.W.2d 391 (1953).

**11.** Because of my decision in Part I, *supra*, it is apparent that § 893.235 is not the appropriate statute on which the parents' argument should rest. Rather, if the parents' argument were to succeed, their claims would be governed by Wis.Stats. § 893.18. Therefore, I will construe the parents' argument to be that § 893.18 is the applicable statute of limitations concerning their claims.

Consequently, even though the parents' cause of action derives from the child's injury, their cause of action is separate and subject to the statute of limitations appropriate to their situation. Since there is no statute which tolls the limitations period for the parents, their claim is subject to the three-year period specified in § 893.205. The fact that their claim may be barred while their daughter's is not is consistent with the statutory scheme. *See Grummit v. Sturgeon Bay Winter Sports Club*, 218 F.Supp. 946 (E.D.Wis.1963) (action brought by minor within one year after reaching majority was timely even though previous suit by father on same injury was barred by applicable statute of limitations). Accordingly, defendants' motion to dismiss the claims of the parents will be granted.

III. Claims Against Medical Protective as Peterson's Insurer

Defendant Medical Protective has moved to dismiss all claims against it as the insurer of defendant Peterson. Medical Protective's motion is made pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. A motion under Rule 12(b)(6) tests the sufficiency of a well-pleaded complaint; materials outside the pleadings may not be considered. *Hill v. Trustees of Indiana University*, 537 F.2d 248 (7th Cir. 1976); *Grand Opera Co. v. Twentieth Century-Fox Film Corp.*, 235 F.2d 303 (7th Cir. 1956).

The basis for Medical Protective's motion is that the contract between Medical Protective and Peterson contains a clause prohibiting direct action by an injured party against the insurer until the issue of Peterson's liability has been resolved by judgment or settlement. In support of its motion, Medical Protective has provided the court with a copy of the insurance contract between itself and Peterson as Exhibit A to Brief of Defendants Peterson, Janes and Medical Protective Company in Support of Motions to Dismiss, dated October 17, 1980. On the basis of this submission, Medical Protective argues that the contract covered the period from October 19, 1969, to October 19, 1970, and was in use prior to the effective date of Wis.Stats. § 260.11(1) (1971), the statute which first rendered all such "no direct action" clauses void. Medical Protective urges this court to find that § 260.11(1) cannot be applied retroactively to defeat its "no direct action" clause and that it should not be joined as a defendant as Peterson's insurer.

Although I find Medical Protective's arguments to be persuasive, I am unable to provide the relief it has requested. Medical Protective's motion to dismiss is essentially based on an affirmative defense and cannot be granted without reference to Exhibit A of its Brief; yet, in deciding a motion to dismiss pursuant to Rule 12(b)(6), I am not permitted to look beyond the well-pleaded allegations of the complaint. Rather, Rule 12(b)(6) provides that where matters outside the pleadings are submitted to the court, the motion shall be treated as one for summary judgment and "all parties shall be given reasonable opportunity to present material made pertinent to such a motion by Rule 56."

In order to comply with this Rule and provide proper notice to the party opposing the motion that materials outside the pleading are being considered, this court informed all parties, at the time of setting up the briefing schedule, that

[i]f either party desires to present to the court matters outside of the pleadings, leave to do so must be obtained from the court.

Medical did not seek leave from the court to have its motion considered as one for summary judgment. Consequently, plaintiffs were not informed of the opportunity or necessity for them to file documents or affidavits in support of their arguments. Accordingly, Medical's motion to dismiss cannot be granted without doing damage to the procedures contemplated in Rule 12(b)(6).

ORDER

In accordance with the foregoing opinion, IT IS ORDERED that

(1) the defendants' motions to dismiss all the claims of plaintiffs Sharone C. Zielke and E. Ronald Zielke are GRANTED;

(2) defendant The Medical Protective Company's motions to dismiss all claims of plaintiff Melissa Phyllis Zielke against it and to dismiss claims of Melissa Phyllis Zielke against it as insurer of defendant T. H. Peterson are DENIED; and

(3) defendant Continental Insurance Company's motion to dismiss plaintiff Melissa Phyllis Zielke's claims against it is DENIED.