Rosenberry, C. J.
 

 The material facts are as follows: On the 10th day of July, 1929, the defendant applied to the plaintiff for a surety bond as agent for the sale of steamship tickets and money forwarding. The application was in writ
 
 *402
 
 ing under seal, and among other things, the defendant covenanted as follows:
 

 “I do further agree to indemnify the company against all loss, liability, costs, damages, charges and expenses whatever which the company may sustain or incur by reason of having executed,, or procured the execution of, the bond herein par-, ticularly applied for, or any of the bonds which said company is, by this instrument, authorized to execute or procure, or any renewal or continuance of any of the aforesaid bonds, including counsel and attorney’s fees which it may incur or procure, or any renewal or continuance of any of the aforesaid bonds, including counsel and attorney’s fees which it may incur in connection with any litigation or investigation relating to its rights or liabilities under any of' said bonds; and I do agree to pay all expenses including reasonable attorney’s fees that the company may incur in enforcing any of the agreements herein contained.”
 

 After setting out the above covenant the plaintiff alleged that, pursuant to its bond aforesaid, it was compelled to pay a total of $571.51, which amount the defendant owed to said payees for money collected on their behalf and as tO' which companies said bond afforded fidelity coverage. This allegation was admitted by the defendant. The defendant reduced the amount to $436.51 by payments to the plaintiff.
 

 As a defense the defendant alleges that on September 25, 1942, he filed his petition in bankruptcy in the district court of the United States for the Eastern district of Wisconsin, and on said day was adjudicated a bankrupt and that notice thereof and of the first meeting of creditors in said proceeding to be held on October 5, 1942, before Thomas F. Millane, referee in bankruptcy, was duly given to the plaintiff; and that the indebtedness for which this action is brought was duly scheduled by the defendant in said bankruptcy proceeding. It subsequently appeared that the defendant was granted a discharge in bankruptcy on March 23, 1943.
 

 The question for decision is, Did the discharge in bankruptcy discharge the liability of the defendant under the agree
 
 *403
 
 ment contained in the application for bond dated July 10, 1929?
 

 It appears without dispute -that the loss arose during the years 1933 and 1934 and was paid by check cashed February 1, 1934. It appears therefore that at the time this action was begun on August 26, 1942,. any action which the plaintiff or the assured might have had against the defendant for conversion or for money had and received was barred by the statute of limitations. In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection.
 
 Laffitte v. Superior
 
 (1910), 142 Wis. 73, 125 N. W. 105;
 
 Estate of Weiss
 
 (1937), 224 Wis. 192, 271 N. W. 918.
 

 Language is used in
 
 Banking Comm. v. Buchanan
 
 (1938), 227 Wis. 544, 279 N. W. 71, which considered apart from .the facts of that case, might lead to a different conclusion. However, that case was not intended to and does not overrule
 
 Eingartner v. Illinois Steel Co.
 
 (1899) 103 Wis. 373, 79 N. W. 433, and subsequent cases in accordance with it.
 

 The plaintiff contends that the defendant’s liability under the contractual elements of the application, which is under seal, is not affected by the discharge in bankruptcy. It is contended that under the allegations of the complaint' there was a conversion of the funds in the hands of the defendant which the plaintiff was compelled under the terms of its contract to make good; that it is therefore as to the plaintiff a wilful and malicious injury within the meaning of sec. 17 (2) of the Bankruptcy Act, 11 USCA, sec. 35.
 

 “Liabilities for wilful and malicious injuries to the person or property of another” are not dischargeable.
 

 
 *404
 
 The plaintiff cites
 
 McIntyre v. Kavanaugh
 
 (1916), 242 U. S. 138, 37 Sup. Ct. 38, 61 L. Ed. 205, to the effect that a conversion constitutes a wilful and malicious injury within the meaning of the statute. We do not deem it necessary to decide upon'this contention of the plaintiff.
 

 It is apparent upon the face of the record that at the time this action was begun no cause of action existed for conversion or malicious injury to property either in the plaintiff or in the assured. Such tort actions were barred by the statute of limitations and had ceased to exist six years after the time the defendant converted the moneys of his principal to' his own use. Leaving the Bankruptcy Act to one side, no cause of action can be maintained against the defendant on the ground of malicious injury or conversion.
 

 In
 
 McIntyre v. Kavanaugh, supra,
 
 the conversion occurred in February, 1908. The petition in bankruptcy was filed April 23, 1908. By reference to the same case in 210 N. Y. 175, 104 N. E. 135, it appears that the action was begun within six years from the date of the conversion. The court might therefore well say as it did (242 U. S. 138, 142) :
 

 “The circumstances disclosed suffice to- show a wilful and malicious injury to property for which plaintiff in error became and remains liable to' respond in damages.”
 

 So that that case is not authority upon the question presented by this record. Under the law of Wisconsin, if there had been no proceeding in bankruptcy at the time this action was begun, the defendant by reason of the operation of our statute of limitations would not have been liable for conversion or upon implied contract or for moneys had and received, to the plaintiff or its principals at the time this action was begun.
 

 What the plaintiff really contends in this case is that it can sue upon a contract under seal by which the defendant agrees ■to indemnify it and avoid the operation of the discharge in bankruptcy upon a contract liability by showing that at one
 
 *405
 
 time an action in tort existed on account of the same liability. This state of facts does not prevent the plaintiff’s cause of action from being an action on contract. Being an action on contract it is admittedly discharged by the proceedings in bankruptcy. As the trial court said, speaking of the plaintiff’s complaint:
 

 “It is utterly barren of any statement or intimation that any conversion or misappropriation of either tickets or money collected will be claimed or relied upon.”
 

 The basis of the plaintiff’s suit is a contract. All liability of the defendant under that contract has been discharged in the bankruptcy proceeding. The action is one for indemnity under a contract executed under seal; and while the amount of the plaintiff’s recovery, if it were entitled to recover, would be measured by the amount of payments it was required to make on account of the defaults of the defendant, the liability of the defendant continues to be contractual and not tortious and was therefore discharged.
 

 By the Court.
 
 — Judgment affirmed.