# Brian W. KOHNKE and Erin Kohnke, Plaintiffs-Appellants,

## v.

# ST. PAUL FIRE & MARINE INSURANCE COMPANY† and Midelfort Clinic, S.C., Defendants-Respondents.

Court of Appeals

*No. 86–0988. Orally argued February 10, 1987.—Decided May 12, 1987.*

(Also reported in 410 N.W.2d 585.)

† Petition to review granted.

For plaintiffs-appellants, there were briefs submitted by *Ardell W. Skow* and *Lila M. Hambleton* of Baldwin, and oral argument by *Lila M. Hambleton*.

For defendants-respondents, there was a brief and oral argument by *Lisa K. Stark* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Brian Kohnke appeals a summary judgment barring his medical malpractice action against the Midelfort Clinic, S.C, for failure to file his claim within the statute of limitations. Because under the applicable statute, sec. 893.55(1)(b), Stats., the claim expired before Brian could have with reasonable diligence discovered his injury, he is deprived of a remedy for his injuries contrary to art. I, sec. 9, of the Wisconsin Constitution. We therefore declare the statute unconstitutional in its application and reverse.

Brian was allegedly rendered sterile during bilateral hydrocele surgery performed five and one-half months after his birth in 1961. A segment of his epididymis, the structure wherein sperm is stored, was apparently accidentally removed during the operation. He first discovered his injury when, as a married man some twenty-two years later, he sought medical

advice for a suspected fertility problem. No claim is made that he lacked diligence in making the discovery.

We first reject a contention that the controlling statutes of limitation were those that existed at the time of Brian's injury. Those earlier statutes, part of ch. 330, Stats. (1959),[1] were partially repealed and recreated and amended as part of ch. 323, Laws of 1979, effective July 1, 1980.

It is the clinic's premise that Brian's cause of action accrued at the time of his injury, not at the time of discovery, and therefore his claim expired prior to the repeal of the prior statute of limitations.

Under the prior statutes, sec. 330.33, Stats. (1959), allowed a person under disability as a minor, whose cause of action had accrued, to commence the action one year beyond the age of majority. If, as the clinic

---

[1]The relevant provisions of ch. 330, Stats. (1959), renumbered as ch. 893 by sec. 2, ch. 66, Laws of 1965, provided as follows:

**330.14  Actions, time for commencing.** The following actions must be commenced within the periods ... prescribed after the cause of action has accrued ....

**330.48  Computation of time, basis for.** The periods of limitation ... must be computed from the time of the accruing of the right to relief ....

**330.205  Within 3 years.** ... An action to recover damages for injuries to the person ....

**330.33  Persons under disability.** (1) If a person entitled to bring an action ... be, at the time the cause of action accrued, ...

(a) Within the age of twenty-one years; ...

. . . .

(2) The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended ... in any case longer than one year after the disability ceases.

maintains, Brian's cause of action accrued at the time of injury, his claim expired on April 28, 1980, one year beyond his eighteenth birthday.[2] The present statute of limitations, sec. 893.55(1)(b), first effective July 1, 1980, would therefore be of no relevance to an already expired cause of action.

■

The clinic's premise, however, is not correct. Brian's claim did not accrue at the time of the injury. It accrued only after discovery. Under the holding of *Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), a cause of action does not accrue until the claim is either discovered or with reasonable diligence should have been discovered. The *Hansen* rule was made retroactive to cases that accrued before the date of the decision, July 1, 1983, by *Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 423–24, 388 N.W.2d 140, 151 (1986). Unfortunately, *Borello* was decided after the trial court's decision in this case. Since the discovery principle, adopted in "the interest of justice and fundamental fairness," by *Hansen,* 113 Wis. 2d at 560, 335 N.W.2d at 583, applies to all cases that accrued before July 1, 1983, surely it applies here where the alleged malpractice occurred before that

---

[2]The Age of Majority Act, ch. 213, Laws of 1971, effective March 22, 1972, lowered the age of majority from 21 to 18 years in Wisconsin. The effect of that change reduced the period of disability accorded minors under then sec. 893.33.

Although the Act shortened by three years the time within which Brian could file an action, since it still gave him a year after his 18th birthday to pursue his claim, the Act was not unconstitutional. *See Feest v. Allis Chalmers Corp.,* 68 Wis. 2d 760, 763–64, 229 N.W.2d 651, 653 (1975).

date, although the cause of action accrued after that date.

The clinic argues that the retroactive application of *Hansen* to define "accrue" violates its constitutional right to due process and equal protection. This same argument was made and rejected in *Borello.*

As the clinic did here, the defendant in *Borello* relied upon a principle best stated in *Maryland Cas. Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177, 179 (1944):

> In Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other, which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection.

*Borello* held that *Hansen* did not violate the foregoing principle because *Hansen* did not reinstate a claim that had already run. Rather, it decided that Hansen never had an enforceable claim in the first place until that claim accrued. *Borello,* 130 Wis. 2d at 418–19, 388 N.W.2d at 149. We are bound by decisions of the supreme court. *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 221, 369 N.W.2d 743, 747 (Ct. App. 1985).

If the *Hansen-Borello* principle applies retroactively to Brian's claim, then the prior statutes of limitation, repealed prior to the discovery of the injury, are inapplicable to this case. This is so because

the saving provisions of sec. 990.06, Stats., do not apply in this situation.[3] Section 990.06 provides that a repealed statute of limitations continues in force, absent express provision to the contrary, only if the repealed act "shall have begun to run before such repeal." Because Brian's claim had not begun to run prior to repeal of secs. 330.205 and 330.33 (1959), those statutes did not remain in force.

Brian also asserts the viability of the former statute of limitations but to an opposite conclusion. He argues that the former three-year limit for all personal injury actions, sec. 330.205, Stats. (1959), did not begin to run until discovery of his injury in 1983. We reject his argument in view of the terms of sec. 990.06. The provisions of secs. 330.205 and 330.33, Stats. (1959), were repealed in 1980 precisely because the statutes had not "begun to run" within the meaning of sec. 990.06. Even if we accepted the jointly held position of the parties and applied the provisions of

---

[3]Section 990.06 provides:

**Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

The provisions of secs. 990.06 and 991.07, Stats., are virtually identical and have been interpreted that way. *Feest,* 68 Wis. 2d at 762–63, 229 N.W.2d at 653.

the former statutes, it would not change the result. Since *Hansen-Borello* would delay the accrual of Brian's claim until discovery on December 6, 1983, he would have had three years from that date to file his complaint. We decline to apply the terms of the repealed statutes since they raise questions not addressed either in the briefs on in oral argument.

The dissent suggests that *Borello* is not applicable to a medical malpractice case. The language of *Borello* explicitly says otherwise:

> A case frequently cited for the pre-*Hansen* rule concerning the accrual of the statute of limitations is *McCluskey v. Thranow,* 31 Wis. 2d 245, 142 N.W.2d 787 (1966). ... *McCluskey* was a malpractice case ....
>
> ....
> We overruled *McCluskey* and a host of other decisions ... in *Hansen* ....

*Borello,* 130 Wis. 2d at 405, 407, 388 N.W.2d at 143–44.

The statute applicable to Brian's claim is sec. 893.55. It was created by the same legislation that repealed the prior limits. It provides in part:

> **Limitation of actions; medical malpractice**
> (1) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:
> (a) Three years from the date of the injury, or
> (b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this para-

87

graph more than 5 years from the date of the act or omission.

(2) If a health care provider conceals from a patient a prior act or omission of the provider which has resulted in injury to the patient, an action shall be commenced within one year from the date the patient discovers the concealment or, in the exercise of reasonable diligence, should have discovered the concealment or within the time limitation provided by sub. (1), whichever is later.

■

Under this statute, because a medical malpractice action may never be commenced more than five years from the act or omission, Brian's claim would have been barred as of October 16, 1966. This is nearly fourteen years before the statute was adopted, and more than seventeen years before the injury was discovered.[4] That result is unacceptable because it

---

[4]The following chronology summarizes the events in this case:

| | |
|---|---|
| Brian born | 4/28/61 |
| Surgery performed | 10/15/61 |
| Claim expires under sec. 893.55 if applied to Brian | 10/15/66 |
| Brian turns 18 | 4/28/79 |
| Claim expires under secs. 330.14, 330.205, 330.33, and 330.48, Stats. (1959), (without application of a discovery rule) | 4/28/80 |
| Section 893.55 is created and former statutes of limitation repealed or amended | 7/1/80 |
| Brian discovers his injury | 12/6/83 |
| Brian files suit | 4/4/84 |

88

violates art. I, sec. 9, of the Wisconsin Constitution: "Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; . . . ." *See Kallas Millwork Corp. v. Square D Co.,* 66 Wis. 2d 382, 393 n. 1, 225 N.W.2d 454, 460 n. 1 (1975).

Our decision holds only that sec. 893.55 is void as applied to the peculiar facts of this case. A statute may be unconstitutional in its application to the time and specific circumstances of a given case. *State ex rel. Commissioners of Public Lands v. Anderson,* 56 Wis. 2d 666, 672, 203 N.W.2d 84, 87 (1973). We therefore do not decide whether sec. 893.55 is void on its face nor whether it violates equal protection provisions of the state and federal constitutions. Nor do we address the issues not raised in the pleadings, concealment and equitable estoppel.

Finally, we summarily reject Erin Kohnke's claim for loss of society and companionship. Her claim, based upon an alleged disability that occurred prior to her marriage to Brian, was not argued in her appellate brief. Issues raised but not briefed are deemed abandoned. *Reiman Assocs. v. R/A Adver.,* 102 Wis. 2d 305, 306 n. 1, 306 N.W.2d 292, 294 n. 1 (Ct. App. 1981).

*By the Court.*—Judgment reversed.

CANE, P.J. *(dissenting).* I dissent. The Wisconsin Supreme Court has on numerous occasions held that property rights arising from the running of the statutory limitation period are entitled to protection under the due process clauses of both the United

States and the Wisconsin Constitutions. *See Haase v. Sawicki,* 20 Wis. 2d 308, 311, 121 N.W.2d 876, 878 (1963); *Maryland Cas. Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177, 179 (1944). This principle was most recently restated in *State v. D.B.,* 137 Wis. 2d 57, 403 N.W.2d 434 (1987).

In this case, the limitations period on Kohnke's cause of action ended, and the defendant's property right in the statute of limitations defense vested on April 28, 1980. At that time, under then existing law, Kohnke's cause of action was barred. *See Rod v. Farrell,* 96 Wis. 2d 349, 291 N.W.2d 568 (1980), which, under almost identical facts, held that the plaintiff's cause of action was barred under the statute of limitations. Section 893.55, Stats., did not become effective until a few months later on July 1, 1980. The discovery rule in *Hansen v. A.H. Robins, Inc.,* 113 Wis. 2d 550, 560, 335 N.W.2d 578, 583 (1983), did not take effect until 1983 and then it applied only to tort actions not already governed by a legislatively created discovery rule. At the time *Hansen* was decided, sec. 893.55, Stats., the medical malpractice discovery rule, was already in effect. Although *Borello v. U.S. Oil Co.,* 130 Wis. 2d 397, 409, 388 N.W.2d 140, 145 (1986), contains some language that could support the proposition that the discovery rule applies in medical malpractice actions, it relies on *Hansen* for that proposition. But even a strained reading of *Hansen* does not allow it to stand for that proposition: It specifically excluded medical malpractice actions from the discovery rule. *Hansen,* 113 Wis. 2d at 557, 335 N.W.2d at 581. Significantly, both *Borello* and *Hansen* were product liability actions.

Here, the clinic's constitutional right to due process is violated if the *Hansen* discovery rule applies

in Kohnke's case. Applying the discovery rule in Kohnke's case revives a claim that had been barred under the previous statute of limitations and the court's previous interpretation of when a cause of action accrued. To hold that Kohnke's cause of action is not "revived" because it did not begin to run until discovered and therefore never died defies logic and precedent. Additionally, we now have under the majority's interpretation a situation where a person who is negligently treated before July 1, 1980, has until discovery to commence the malpractice action, but those who are treated after July 1, 1980, have a maximum of five years to commence their medical malpractice action (presuming that sec. 893.55 is constitutional).