Brian W. KOHNKE and Erin Kohnke, Plaintiffs-Appellants,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY and Midelfort Clinic, S.C., Defendants-Respondents-Petitioners.

Supreme Court

*No. 86–0988. Argued April 25, 1988.—Decided June 8, 1988.*

(Also reported in 424 N.W.2d 191.)

For the defendants-respondents-petitioners there were briefs by *Lisa K. Stark* and *Misfeldt & Stark,* Eau Claire and oral argument by *Lisa K. Stark.*

For the plaintiffs-appellants there was a brief by *Ardell W. Skow, Lila M. Hambleton* and *Doar, Drill & Skow, S.C.,* Baldwin and oral argument by *Lila M. Hambleton.*

Amicus Curiae briefs were filed by *Mari E. Nahn,* for the Wisconsin Hospital Association, Madison; *Virginia M. Antoine, Habush, Habush & Davis, S.C.,* for the Wisconsin Academy of Trial Lawyers, Milwaukee; *Sally L. Wencel, H.B. Maroney, II* and *Lawrence S. Seuferer* and *Winner, McCallum, Wixson & Pernitz* for the State Medical Society of Wisconsin, Madison;

and *Charles D. Hoornstra,* assistant attorney general, with whom on the brief was *Donald J. Hanaway,* attorney general.

DAY, J.  This is a review of a published opinion of the court of appeals, *Kohnke v. St. Paul Fire & Marine Ins. Co.,* 140 Wis. 2d 80, 410 N.W.2d 585 (Ct. App. 1987), which reversed the judgment of the circuit court for Eau Claire county, Honorable William D. O'Brien, circuit judge. The circuit court granted defendants' summary judgment motions, finding that Brian Kohnke's (Kohnke)[1] claim for injuries he allegedly sustained in 1961 was barred by the personal injury statutes of limitation, secs. 330.205 and 330.33, Stats. (1959).[2] The court of appeals reversed, holding

---

[1]The validity of the cause of action alleging Erin Kohnke's loss of her husband's society and companionship was not briefed on appeal to the court of appeals and was deemed abandoned. *Kohnke,* 140 Wis. 2d at 89, 410 N.W.2d at 589. Therefore, in reviewing its decision, we address only Brian Kohnke's cause of action for negligence.

[2]The relevant provisions of Ch. 330 in effect in 1961 and relied upon by the circuit court are as follows:

> **330.14 Actions, time for commencing.** The following actions must be commenced within the periods ... prescribed after the cause of action has accrued ....
> **330.205 Within 3 years.** ... An action to recover damages for injuries to the person ....
> **330.33 Persons under disability.** (1)  If a person entitled to bring an action ... be, at the time the cause of action accrues, ...
> (a)  Within the age of 21 years; ....
> (2)  The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended ... longer than one year after the disability ceases.

The circuit court concluded that because Kohnke failed to bring his action within one year of reaching the age of majority it was barred under sec. 330.33(2), Stats.

the medical malpractice statute of limitations, 893.55(1)(b), Stats. (1979–80),[3] applied because Kohnke's action accrued when he discovered his injury in 1983. The court of appeals held, however, that sec. 893.55 would bar Kohnke's claim before he was ever capable of enforcing it and was, as a result, unconstitutional in its application. We conclude that the Ch. 330 statutes, in effect when Kohnke's cause of action was capable of enforcement, control the statutory limitation period to be applied to his action. We further conclude the discovery rule of *Hansen v. A.H. Robins Co.,* 113 Wis. 2d 550, 335 N.W.2d 578 (1983), also applies to the facts of this case such that Kohnke's action accrued and the statute of limitations commenced to run when he discovered his injury. Because Kohnke timely filed his claim within three years of discovering his injuries, we affirm the court of appeals' reversal, though on different grounds, and remand for trial.

Kohnke's amended complaint alleges that in October, 1961, Dr. D. Willison negligently performed a bilateral hydrocele repair on Kohnke, who was then five months old, rendering him sterile. Kohnke did not discover this injury until December of 1983, when he

---

[3]Section 893.55(1), Stats., in effect in 1983, provides:

**893.55 Limitation of actions; medical malpractice.** (1) Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

(a) Three years from the date of the injury, or

(b) One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

consulted a physician because he and his wife had been unable to conceive a child and suspected a fertility problem. After reviewing Kohnke's medical records, his physician informed him that the removal of a section of his epididymis during the 1961 surgery had caused his sterility. On appeal there is no claim that Kohnke lacked diligence in discovering this injury.

On April 4, 1984, nearly five years after he reached the age of majority and within one year of discovering his injuries, Kohnke filed a complaint seeking damages for Willison's negligence from Willison's employer, Midelfort Clinic, S.C. (Midelfort), and Midelfort's insurer, St. Paul Fire & Marine Insurance Company (St. Paul). Dr. Willison had died prior to the filing of Kohnke's action and was not named as a defendant.

Midelfort and St. Paul moved for entry of summary judgment, claiming Kohnke's action was barred by statutes of limitation, secs. 330.205 and 330.33, Stats. (1959). These statutes applied to Kohnke's claim, they argued, because sec. 990.06,[4] held them to be operative, since they had begun to run prior to the

---

[4]Section 990.06, Stats., states:

**990.06 Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

enactment of the revised statute of limitations, sec. 893.55, Stats. (1979–80). Under this theory, Kohnke's claim was barred as a matter of law because the limitation period of sec. 330.33 tolled five years before Kohnke brought his claim.

The circuit court granted summary judgment to the defendants. Citing the factually similar decision, *Rod v. Farrell*, 96 Wis. 2d 349, 291 N.W.2d 568 (1980), the court determined that Kohnke's action "accrued" in 1961 when the negligent act occurred with accompanying injury. The court then applied the statutes of limitation in effect in 1961, secs. 330.205 and 330.33, which barred Kohnke's action on April 28, 1980, one year after he reached the age of majority. The circuit court further concluded that the *Hansen* discovery rule was inapplicable to extend the accrual date and running of the limitation period because it did not apply to medical malpractice actions. Kohnke appealed.

Interpreting *Hansen*, the court of appeals determined Kohnke's claim did not "accrue" prior to the discovery of his injury in 1983, and that the statute of limitations in effect at that time, sec. 893.55(1)(b), Stats., controlled Kohnke's claim. The court found, however, that Kohnke's claim expired under sec. 893.55 before he, in reasonable diligence, could have discovered his injury. As a result, it declared sec. 893.55 unconstitutional in application because it denied Kohnke's right to a remedy under art. I, sec. 9 of the Wisconsin Constitution, and reversed the circuit court's summary judgment. Defendants then petitioned this court for review.

Reviewing a grant of summary judgment, this court applies the standards established in sec.

802.08(2), Stats., in the same manner as the circuit court. *Green Springs Farm v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987).

The sole question of law presented on appeal is what limitation provisions should apply to Kohnke's action for injuries he sustained in 1961, but did not discover until approximately twenty-two years later. Contrary to the court of appeals' analysis, both parties argue that Ch. 330 statutes control disposition of this case. Kohnke further argues that the *Hansen* discovery rule applies to his cause of action, which did not "accrue" until it was capable of "present enforcement," namely, when Kohnke, in reasonable diligence, discovered his injury, and that the sec. 330.33 three-year limitation period did not begin to run until that time.

Defendants argue Kohnke's action "accrued" when he was injured in 1961. Applying the Ch. 330 statute then in effect, they contend Kohnke's cause of action was barred one year after he reached the age of majority. They claim that *Hansen*'s discovery rule applies only to torts outside the realm of medical malpractice and cannot be used for Kohnke's claim. Alternatively, they contend that *Hansen* should not apply retroactively to revive a statute of limitations which expired prior to Kohnke bringing his action, claiming constitutional deprivation of equal protection and due process would result.

■

Generally, in Wisconsin, the act of negligence and the fact of resultant injury must have taken place before a cause of action in negligence is said to have arisen. *Holifield v. Steco Industries, Inc.,* 42 Wis. 2d

750, 756, 168 N.W.2d 177, 180 (1969). Once a negligent act resulted in injury, Kohnke's claim was theoretically capable of enforcement. We conclude that secs. 330.205 and 330.33, Stats. (1959), control the disposition of Kohnke's cause of action because the negligent act and subsequent injury to Kohnke occurred when these statutes were in effect. Since the Ch. 330 statutes, would have already commenced to run, sec. 990.06, provides they would determine the viability of Kohnke's action.

That Kohnke did not immediately discover his latent injury was irrelevant to determine "accrual" under Ch. 330 statutes as they were originally interpreted. For many years, no provision was made by this court for extending accrual of a cause of action and the running of a period of limitations when an injury was not, in due diligence, immediately discovered. *See Rod v. Farrell,* 96 Wis. 2d 349, 291 N.W.2d 568 (1980); *Peterson v. Roloff,* 57 Wis. 2d 1, 4–6, 203 N.W.2d 699, 701–702 (1973); *Olson v. St. Croix Valley Memorial Hospital,* 55 Wis. 2d 628, 201 N.W.2d 63 (1972); *Volk v. McCormick,* 41 Wis. 2d 654, 165 N.W.2d 185 (1969); *McCluskey v. Thranow,* 31 Wis. 2d 245, 142 N.W.2d 787 (1966); *Reistad v. Manz,* 11 Wis. 2d 155, 105 N.W.2d 324 (1960). The harshness of fixing accrual without making provision for discovery of latent injury was, however, repeatedly noted. *See Rod,* 96 Wis. 2d at 360–61, 291 N.W.2d at 573–574 (Abrahamson and Day, JJ., dissenting); *Rosenthal v. Kurtz,* 61 Wis. 2d 1, 8–9, 213 N.W.2d 741, 744–745 (1974); *Peterson,* 57 Wis. 2d at 7–17, 203 N.W.2d at 702–707 (Hallows, C.J., dissenting).

Subsequently, in *Hansen,* 113 Wis. 2d at 560, 335 N.W.2d at 583, this court determined:

> "In the interest of justice and fundamental fairness, we adopt the discovery rule for all tort actions other than those already governed by a legislatively created discovery rule. Such tort claims shall accrue on the date the injury is discovered or with reasonable diligence should be discovered, whichever occurs first. All cases holding that tort claims accrue at the time of the negligent act or injury are hereby overruled."

*Borello v. United States Oil Co.,* 130 Wis. 2d 397, 411, 388 N.W.2d 140, 145 (1986), further elaborated that "under Wisconsin law, a cause of action will not accrue until the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, not only the fact of injury but also that the injury was probably caused by the defendant's conduct or product," and applied this discovery rule retroactively to causes of action that accrued prior to the mandate in *Hansen. Id.* at 421, 338 N.W.2d at 150–151. *Borello* expressly reiterated that *McCluskey* and the line of cases defining accrual at the time of the negligent act and injury were overruled in *Hansen. Borello,* 130 Wis. 2d at 407, 338 N.W.2d at 144. Despite the circuit court's conclusions and defendant's arguments to the contrary in the present action, among the cases overruled by *Hansen* and *Borello* was *Rod v. Farrell,* 96 Wis. 2d 349, 291 N.W.2d 568 (1980). *Hansen,* 113 Wis. 2d at 555–56, 560, 335 N.W.2d at 580, 583; *Borello,* 130 Wis. 2d at 407, 338 N.W.2d at 144. Though in *Rod* a cause of action was barred by the statute of limitations when an adult plaintiff discovered that he had been rendered sterile as a result of early child-

hood surgery, in so far as it is inconsistent with the accrual rule of *Hansen*, *Rod* does not provide controlling precedent for the present action.

The plain language of the *Hansen* case did not limit its discovery rule to certain types of cases, such as medical malpractice or products liability, but was applicable to any case not "already governed by a legislatively created discovery rule." *Id.* at 560, 335 N.W.2d at 583. Kohnke's claims arose under the Ch. 330 statutes, which had no provision for diligent discovery of latent injury. The *Hansen* discovery rule is, therefore, appropriate to apply to Kohnke's claim.

Defendants argue that use of the *Hansen/Borello* discovery rule will violate their constitutional rights of equal protection and due process. We disagree.

■

The retroactive application of the *Hansen* discovery rule cannot be challenged constitutionally. Retroactive application of a judicial holding is a question of policy, not constitutional law. *Kurtz v. City of Waukesha,* 91 Wis. 2d 103, 108, 280 N.W.2d 757, 760 (1979). This court has previously concluded that no compelling judicial reasons deter application of the *Hansen* analysis to causes of action accruing prior to the mandate of the *Hansen* decision. *Borello,* 130 Wis. 2d at 421, 388 N.W.2d at 150. Moreover, as Chief Justice Heffernan noted in *Borello,* "Our application of *Hansen* is not retroactive in the usual sense. We merely look at the cause of action in a new light that is more likely to produce a just result." *Id.* at 421, 338 N.W.2d at 150.

■

That some plaintiffs may maintain actions which would be barred under current statute of limitation

361

discovery provisions does not foreclose application of the *Hansen* rule. A rational basis exists to allow these plaintiffs to commence actions within three years of discovery because a greater unfairness would result if no discovery rule at all were applied to their cases. As *Hansen* and *Borello* made clear, the substantial justice in allowing a diligent plaintiff to bring his or her claim outweighs the expedient barring of a just claim. *Hansen*, 113 Wis. 2d at 558–559, 335 N.W.2d at 582–583; *Borello*, 130 Wis. 2d at 420, 388 N.W.2d at 150–151.

■ Defendants argue that the discovery rule should not apply because it would deprive them of due process in the form of a protected property right to be free of a claim after the effective statute of limitations has run. Defendants misunderstand the effect of the *Hansen* discovery rule in making this argument. In *Borello*, 130 Wis. 2d at 397, 388 N.W.2d at 148, the court concluded that the right to statutory bar vests only after a period of limitations runs in its entirety. Section 330.14 provided that the limitation periods in effect when Kohnke was injured began to run upon "accrual," but did not define that term. Accrual of Kohnke's claim under *Hansen* did not occur until discovery of his injury in 1983, and Kohnke timely brought his action within three years after this discovery. Defendants' right to a statutory bar in this case did not vest prior to Kohnke's filing of his claim. As a result, defendants were not denied due process.

Because application of the Ch. 330 statutes and the *Hansen* discovery rule resolve this issue, we do not address the remaining questions raised by the parties concerning interpretation and constitutionality of sec. 893.55, Stats. We also do not reach the issue of

whether Kohnke might maintain a cause of action for wrongful concealment under sec. 893.55(2), or under the theory of equitable estoppel, theories which were raised for the first time on review to this court.

*By the Court.*—The decision of the court of appeals is affirmed and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.