Michael J. BETTHAUSER, Gene Betthauser and Mary Betthauser, Plaintiffs-Appellants,

v.

The MEDICAL PROTECTIVE COMPANY, a foreign corporation; St. Paul Fire & Marine Insurance Company, a foreign corporation; Pamela Kruse, a/k/a Pamela Eickhorst; Peter A. Gardetto; and The Kurten Medical Group, a/k/a The Kurten Clinic, a partnership of the following persons: Peter A. Gardetto, Donald R. Burke, Donald F. Cohill, H.E. DeGroot, Joseph C. Fralich, John W. Foreman, Howard Gass, William C. Harris, K.H. Kolmeier, William J. Madden, Richard Minton, Charles H. Patton and Stanley M. Englander, Defendants-Respondents-Petitioners,

v.

WISCONSIN PHYSICIANS SERVICE INSURANCE CORP., a Wisconsin corporation; and Continental Casualty Co., a foreign corporation, Involuntary-Plaintiffs.

Supreme Court

*No. 90–2687. Submitted on briefs October 8, 1992.—Decided December 15, 1992.*

(Also reported in 493 N.W.2d 40.)

142

143

For the defendants-respondents-petitioners there were briefs by *Paul R. Erickson, Colleen M. Fleming* and *Gutglass, Erickson & Bonville, S.C.,* Milwaukee.

For the plaintiffs-appellants there was a brief by *John R. Orton, W.T. Curran* and *Curran, Hollenbeck & Orton, S.C.,* Mauston.

Amicus Curiae brief was filed by *Virginia M. Antoine* and *Habush, Habush & Davis, S.C.,* Milwaukee for the Wisconsin Academy of Trial Lawyers.

DAY, J.   The Medical Protective Company, et al. (hereinafter referred to as "defendants") seek review of a published opinion of the court of appeals[1] which reversed the judgment of the circuit court for Racine County, Honorable Stephen A. Simanek, Judge. This medical malpractice case, brought by the plaintiffs, Michael Betthauser and his parents (hereinafter referred to as "Betthausers"), was filed on March 23, 1990, and

---

[1] 164 Wis. 2d 343, 474 N.W.2d 783 (Ct. App. 1991).

arises out of an injury suffered by Michael in 1972. The circuit court granted the defendants' motion for dismissal on the grounds that sec. 893.56, Stats. 1989–90,[2] which was enacted in 1977, bars the Betthausers' claim. The court of appeals reversed the circuit court on the grounds that sec. 893.33, Stats. 1971–72,[3] which was in place at the time the Betthausers' cause of action

[2] Although the section was originally numbered 893.235, the Legislature changed the number to 893.56 in 1979.

Section 893.56, Stats. 1989–90 provides in pertinent part:

**893.56 Health care providers; minors actions.** Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider **within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later.** (Emphasis added.)

Section 893.55, Stats. 1989–90 provides in pertinent part:

**893.55 Medical malpractice; limitation of actions; limitation of damages; itemization of damages.** . . . (3) an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of the theory on which the action is based, shall be commenced within the later of:

    (a)   Three years from the date of injury, or

    (b)   One year from the date the injury was discovered . . ..

[3] Section 893.33, Stats. 1971–72, provides in pertinent part:

**893.33 Persons under disability.** If a person entitled to bring an action mentioned in this chapter, . . . be, at the time the cause of action accrued, . . . (1) Within the age of 18 years; . . . the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

accrued but was replaced by sec. 893.56, Stats. in 1977, allows the Betthausers' claim.

The issue is which of these two statutes governs this medical malpractice case. Since this case involves the application of various statutes to an undisputed set of facts, the issue is a question of law which this court reviews de novo. *State ex rel. Stedman v. Rohner,* 149 Wis. 2d 146, 150, 438 N.W.2d 585 (1989).

The facts are not in dispute. On April 10, 1972, Dr. Gardetto treated Michael Betthauser, who was nine months old and suffering from an upper respiratory infection, at the Kurten Clinic. Dr. Gardetto prescribed and nurse Pamela Kruse administered an intramuscular injection of Bicillin. The injection allegedly resulted in injury requiring the amputation of Michael Betthauser's lower right leg.

At the time of injury, sec. 893.33, Stats. authorized the Betthausers to bring an action at any time before Michael's nineteenth birthday. In 1977, when Michael Betthauser was five years old, the Legislature replaced sec. 893.33, with sec. 893.56, Stats. Section 893.56, if applied to the present case, required the Betthausers to bring this action before Michael's tenth birthday.

The Betthausers filed this claim when Michael was eighteen years and nine months old. The circuit court, applying sec. 893.56, Stats., dismissed the claim. The court of appeals, applying sec. 893.33, Stats., reversed the circuit court and remanded the case. We hold that sec. 893.33, in effect when this cause of action accrued, governs this case and therefore affirm the court of appeals.

In order to hold that sec. 893.56, Stats. applies to the present case, we would have to apply sec. 893.56,

retroactively. "The general rule in Wisconsin is that legislation is presumptively prospective unless the statutory language clearly reveals either expressly or by necessary implication an intent that the statute apply retroactively." *United States Fire Ins. Co. v. E.D. Wesley Co.,* 105 Wis. 2d 305, 319, 313 N.W.2d 833 (1982). If, however, a statute is procedural or remedial, rather than substantive, the statute is generally given retroactive application unless retroactive application would impair contracts or disturb vested rights. *Steffen v. Little,* 2 Wis. 2d 350, 357-58, 86 N.W.2d 622 (1957).

Defendants argue that sec. 893.56, Stats. is a procedural or remedial statute. On the other hand, the Betthausers argue, and we agree, that sec. 893.56, is a statute of limitation and statutes of limitation are substantive statutes.

Although defendants correctly point out that sec. 893.33, Stats. contains a tolling provision, we do not agree with the claim that sec. 893.56, Stats. merely shortened the tolling period set forth in sec. 893.33. The Legislature, when enacting sec. 893.56, specifically stated that the tolling period set forth in sec. 893.33, no longer applies to actions against health care providers.[4] The Legislature replaced the tolling period set forth in sec. 893.33, with a new statute of limitation set forth in sec. 893.56.

Defendants maintain that statutes of limitations are procedural or remedial in nature. The court of appeals, in *City of Madison v. Town of Madison,* 127 Wis. 2d 96,

---

[4]Chapter 390, Laws of 1977, the act which created sec. 893.56, Stats. provides in pertinent part:

> "SECTION 3. 893.33(1) of the statutes is amended to read:
> 893.33(1) Within the age of 18 years, *except for actions against health care providers;* or . . .."

377 N.W.2d 221 (Ct. App. 1985), explained the distinction between substantive and procedural or remedial laws:

> If a statute simply prescribes the method—the 'legal machinery'—used in enforcing a right or remedy, it is procedural. If, however, the law creates, defines or regulates rights or obligations, it is substantive—a change in the substantive law of the state. A remedial statute is one which is 'related to remedies or modes of procedure which do not create new or take away vested rights, but only operate in furtherance of a remedy or confirmation of rights already existing.' *Id.* at 102. (Citations omitted.)

Defendants cite several cases from other states wherein statutes of limitation have been held to be remedial or procedural, not substantive.[5] Defendants also point out that, in *Chase Securities Corp. v. Donaldson,* 325 U.S. 304 (1945), the United States Supreme Court stated that, as a matter of constitutional law, "statutes of limitation go to matters of remedy, not to destruction of fundamental rights." *Id.* at 314. This court, however, has not followed the rationale set forth in the cases cited by the defendants.

Although this court, in *Steffen,* acknowledged the United States Supreme Court's decision in *Chase,* this court has not followed the rationale set forth in *Chase.* In *Haase v. Sawicki,* 20 Wis. 2d 308, 121 N.W.2d 876 (1963), decided after *Chase,* this court said:

---

[5] *People v. Chesebro,* 463 N.W.2d 134, 136 (Mich. App. 1990); *LeVan v. Community Clinic of Wabasha,* 425 N.W.2d 842, 846 (Minn App. 1988); *Street v. City of Anniston,* 381 So. 2d 26, 29 (Ala. 1980); *Cioffi v. Guenther,* 370 N.E. 2d 1003, 1005 (Mass. 1977); *House of Norvelle v. Queen Insurance Co. of America,* 365 P.2d 977, 979 (Okla. 1961).

this court, by a long line of cases, has followed the construction that our statutes of limitation extinguish the right as well as the remedy . . .. [i]n Wisconsin the running of the statute of limitations absolutely extinguishes the cause of action for in Wisconsin limitations are not treated as statutes of repose. **The limitation of actions is a right as well as a remedy, extinguishing the right on one side and creating a right on the other,** which is as of high dignity as regards judicial remedies as any other right and it is a right which enjoys constitutional protection. *Id.* at 311, quoting *Maryland Casualty Co. v. Beleznay,* 245 Wis. 390, 393, 14 N.W.2d 177 (1944) (emphasis added).

This court views statutes of limitation as substantive statutes because they create and destroy rights.

This court recently treated a statute of limitation as substantive rather than procedural or remedial in *Gutter v. Seamandel,* 103 Wis. 2d 1, 17–19, 308 N.W.2d 403 (1981). In *Gutter,* this court, after noting the distinction between substantive and procedural or remedial statutes, stated:

This court has previously held that in the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute. *Id.* at 18, citing *Hunter v. School Dist. Gale-Ettrick-Trempealeau,* 97 Wis. 2d 435, 445, 293 N.W.2d 515 (1980).

149

Applying the *Gutter/Hunter* test to the present case, we examine the language and legislative history of sec. 893.56, Stats. to determine whether the Legislature intended retroactive application. The statute itself contains no language suggesting retroactive application. Additionally, the drafting record does not contain any indication that the Legislature intended sec. 893.56, to apply retroactively.

Furthermore, we are required to avoid construing a statute in such a way as would render that statute unconstitutional. *Lewis Realty v. Wisconsin R.E. Brokers' Board,* 6 Wis. 2d 99, 108, 94 N.W.2d 238 (1959). Section 990.05, Stats. 1977-78 provides that "[e]very law or act which does not expressly prescribe the time when it takes effect shall take effect on the day after its publication." Since Chapter 390, Laws of 1977, the act which created sec. 893.56, Stats., does not set forth a grace period or otherwise prescribe the time it takes effect, sec. 893.56, became effective on May 24, 1978, the day after publication. On May 24, 1978, sec. 893.56, established a limitation period of three years after the injury or the age of ten, whichever came later.

If applied retroactively, sec. 893.56, Stats. would have, on its effective date, immediately extinguished the claims of children between the ages of ten and nineteen who were injured at least three years before the effective date. For example, a child born in 1966 and injured in 1967 had, under sec. 893.33, Stats., until 1985 to bring a cause of action. The child acquired a distinct vested property right, entitled to constitutional protection, in the cause of action for negligence at the time of injury. *See Hunter,* 97 Wis. 2d at 445. If applied retroactively, sec. 893.56, which took effect when the child was twelve

and required that child to bring suit by the age of ten, would have extinguished the child's constitutionally protected cause of action.

In order to comply with the presumption of prospective application and to avoid potential constitutional violation, we hold that sec. 893.56, Stats. does not apply retroactively. Thus, sec. 893.33, Stats., which was in place at the time of Michael Betthauser's injury, governs this case. Since the Betthausers filed this cause of action within the time period allowed under sec. 893.33, we affirm the court of appeals and remand this case to the circuit court.

Defendants also argue that this court's decision in *Feest v. Allis-Chalmers Corp.,* 68 Wis. 2d 760, 229 N.W.2d 651 (1975), mandates a different result. In *Feest,* the Legislature amended sec. 893.33, Stats. 1967–68 to reflect a change in the age of majority. While the original sec. 893.33, tolled the statute of limitation until a minor reached the age of twenty-one, the amended version contained a tolling period which ended when a minor reached the age of eighteen.

This court held that the amended version of sec. 893.33, Stats. governed a cause of action which accrued before the amended version took effect. *Id.* at 768. In so holding, this court rejected a claim that secs. 990.06[6] and

[6] **990.06 Repeal or change of law limiting time for bringing actions.** In any case when a limitation or period of time prescribed in any act which shall be repealed for the acquiring of any right, or barring of any remedy, or for any other purpose shall have begun to run before such repeal and the repealing act shall provide any limitation or period of time for such purpose, such latter limitation or period shall apply only to such rights or remedies as shall accrue subsequently to the time when the repealing act shall take effect, and the act repealed shall be held to continue in force and be operative to determine all such limitations and periods

151

991.07,[7] Stats. required the court to apply the version of sec. 893.33, that was in place at the time the plaintiff's cause of action accrued. *Id.* at 762-65. This court ruled that secs. 990.06 and 991.07, did not apply because the amended version of the statute took effect during the tolling period set forth in the original statute and secs. 990.06 and 991.07 do not apply to tolling periods. *Id.* at 765.

The distinction between *Feest* and the present case leads us to conclude that the holding in *Feest* does not apply to the present case. In *Feest,* the amended version of sec. 893.33, merely shortened the tolling period set forth in the original version of that statute and did not create a new statute of limitations. Since the amended version of sec. 893.33, did not create a new statute of limitations, the *Hunter/Gutter* rule of prospectivity did not apply and the plaintiff relied on secs. 990.06 and 991.07, Stats., which this court held did not apply to changes in a tolling period. In the present case, however, sec. 893.56, Stats. created a new statute of limitation and the *Hunter/Gutter* rule applies.

---

of time which shall have previously begun to run unless such repealing act shall otherwise expressly provide.

[7] **991.07 Statutes of Limitation. In** any case when a limitation or period of time prescribed in any act which is hereby repealed for the acquiring of any right or the barring of any remedy or for any other purpose shall have begun to run and a limitation or period of time for such purpose shall be prescribed in these revised statutes, the limitation or period prescribed by these statutes shall be held to apply only to such rights or remedies as shall accrue subsequently to the time when the same shall take effect; and the act repealed shall be held to continue in force and operative to determine all such limitations and periods of time, which shall have previously begun to run, unless in special cases in these revised statutes a different rule shall be prescribed.

The distinction between *Hunter/Gutter, Feest* and the present case illustrates three distinct scenarios in which retrospective application of a statute is at issue. The *Hunter/Gutter* rule applies whenever a new statute of limitation is created. However, when the Legislature merely changes a tolling period, as they did in *Feest,* and does not create a new statute of limitation, the plaintiff must rely on secs. 990.06 and 991.07, Stats. because the *Hunter/Gutter* test does not apply. The present case presents a unique situation because sec. 893.56, Stats. changed a tolling period **and** created a new statute of limitation. Thus, the Betthausers have the option of relying on *Hunter/Gutter* and/or secs. 990.06 and 991.07. Since the Betthausers did not rely on secs. 990.06 and 991.07, this court's holding in *Feest* does not apply to the present case, even if we were to regard it as a correct statement of the law.

However, in order to clarify a contradictory area of the law, we address the issue of whether *Feest* is still the law in view of this court's decision in *Kohnke v. St. Paul Fire Ins. Co.,* 144 Wis. 2d 352, 424 N.W.2d 191 (1988).

In *Kohnke,* the plaintiff allegedly sustained injuries in 1961, but did not discover the injuries until 1983. The court of appeals held[8] that sec. 893.55, Stats., which was enacted after the plaintiff's injury and in effect at the time the plaintiff discovered his injury, governed the case. This court reversed the court of appeals and held that the Ch. 330 statutes,[9] which were in effect at the

---

[8] 140 Wis. 2d 80, 83, 410 N.W.2d 585 (Ct. App. 1987).

[9] The relevant provisions of Ch. 330 in effect in 1961 are as follows:

**330.14 Actions, time for commencing.** The following actions must be commenced within the periods . . . prescribed after the cause of action has accrued . . ..

time of the plaintiff's injury and contained a tolling provision virtually identical to that set forth in sec. 893.33, Stats., controlled the case. This court stated, "[s]ince the Ch. 330 statutes, would have already commenced to run, sec. 990.06, provides they would determine the viability of Kohnke's action." *Id.* at 359.

This court would have reached the opposite conclusion in *Kohnke* if this court would have followed the reasoning set forth in *Feest.* Since the plaintiff in *Kohnke* was less than one year old when he was injured in 1961, Ch. 330 statutes tolled the statute of limitation until 1982. Section 893.55, Stats. was enacted during this tolling period. According to *Feest,* however, sec. 990.06, Stats. does not apply when a new statute takes effect during the tolling period of the statute which was in place at the time of injury. *Feest,* 68 Wis. 2d at 765. Since this court, in *Kohnke,* applied sec. 990.06, even though sec. 893.55, took effect during the tolling period under sec. 330.33, Stats., the *Kohnke* decision impliedly overturned the *Feest* decision.

■

We now expressly follow the reasoning of the *Kohnke* decision and hold that the *Feest* decision is no longer the law in Wisconsin. This court, in *Feest,* held that secs. 990.06 and 991.07, Stats. do not apply to tolling periods. *Feest,* 68 Wis. 2d at 765. Sections 990.06 and

---

**330.205 Within 3 years.** . . . An action to recover damages for injuries to the person . . ..

**330.33 Persons under disability. (1)** If a person entitled to bring an action . . . be, at the time the cause of action accrues, . . .

(a) Within the age of 21 years; . . ..

(b) The time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended . . . longer than one year after the disability ceases.

991.07, however, specifically state that they apply "[i]n any case when a limitation **or period of time**" (emphasis added) has begun to run and is subsequently repealed. If we were to follow the holding in *Feest,* we would render meaningless the statutory language "period of time." In order to construe the statutes in such a way that gives meaning to every word, we hold that secs. 990.06 and 991.07, apply to tolling periods as well as to limitation periods because tolling periods are periods of time. For the foregoing reasons, we now declare that the holding in *Feest* is no longer the law in Wisconsin.

In addition to *Feest,* the defendants also cite to *Zielke v. Wausau Memorial Hospital,* 529 F. Supp. 571 (W.D. Wis. 1982). In *Zielke,* the federal district court relied exclusively on this court's decision in *Feest.* Since we have concluded that *Feest* is no longer the law in Wisconsin, *Zielke* is not persuasive in the present case.

In conclusion, we hold that sec. 893.33, Stats. governs this medical malpractice case and sec. 893.56, Stats. does not apply retroactively. We reach this holding by applying the test set forth in *Hunter/Gutter,* and we also conclude that secs. 990.06 and 991.07 apply because we hold that those sections apply to tolling periods.

*By The Court.*—The decision of the court of appeals is affirmed.