Michael J. BETTHAUSER, Gene Betthauser and
Mary Betthauser, Plaintiffs-Appellants,

v.

THE MEDICAL PROTECTIVE COMPANY, a
foreign corporation, St. Paul Fire & Marine Insurance
Company, a foreign corporation, Pamela Kruse, a/k/a
Pamela Eickhorst, Peter A. Gardetto and The Kurten
Medical Group, a/k/a The Kurten Clinic, a partnership
of the following persons, Peter A. Gardetto, Donald R.
Burke, Donald F. Cohill, H.E. De Groot, Joseph C.
Fralich, John W. Foreman, Howard Gass, William C.
Harris, K.H. Kolmeier, William J. Madden, Richard
Minton, Charles H. Patton and Stanley M. Englander,
Defendants-Respondents,†

v.

WISCONSIN PHYSICIANS SERVICE INSURANCE
CORP., a Wisconsin corporation, and Continental
Casualty Company, a foreign corporation, Involuntary-
Plaintiffs.

Court of Appeals

*No. 90–2687. Submitted on briefs June 5, 1991.—Decided
August 21, 1991.*

(Also reported in 474 N.W.2d 783.)

†Petition to review granted.

343

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *W.T. Curran* and *John R. Orton* of *Curran, Hollenbeck & Orton, S.C.* of Mauston.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Paul R. Erickson* and

*Colleen M. Fleming* of *Gutglass, Erickson & Bonville, S.C.* of Milwaukee.

Before Nettesheim, P.J., Scott and Anderson, JJ.

NETTESHEIM, P.J. The issue in this case is whether the statute of limitations in effect at the time of the alleged medical malpractice or a shorter statute of limitations later enacted by the legislature governs this medical malpractice action. The trial court ruled that the latter statute applied and dismissed the plaintiffs' action as untimely. We disagree and, instead, conclude that the statute in effect at the time of the alleged malpractice controls. We reverse the trial court's judgment and remand for further proceedings on the plaintiffs' complaint.[1]

Michael Betthauser and his parents, Gene and Mary Betthauser, commenced this medical malpractice action against Dr. Peter Gardetto, the Kurten Clinic, Pamela Kruse, a nurse, and their respective insurers (health care providers). The Betthausers sought to recover damages resulting from an allegedly negligent injection of Bicillin which led to the amputation of Michael's right foot when he was nine months old. The health care providers moved to dismiss the complaint, arguing that the action was time barred by the statute of limitations, sec. 893.56, Stats. That statute, as applicable to this case, required the Betthausers to commence this action prior to Michael attaining ten years of age. The Betthausers opposed the motion to dismiss, arguing that the statute in effect at the time of the alleged malpractice, sec. 893.33, Stats. (1971), applied. That statute allowed the

---

[1]The parties have briefed several other issues such as the constitutionality of sec. 893.56, Stats., and whether that statute applies to the nurse. Since we hold that sec. 893.56 does not control, we need not address those issues.

Betthausers until one year after Michael's eighteenth birthday to commence this action. The trial court agreed with the health care providers and dismissed the complaint. The Betthausers appeal.

We take the facts from the Betthausers' complaint. Michael Betthauser was born on June 28, 1971. When he was nine months old, Michael developed an upper respiratory infection. Michael's parents took him to the Kurten Clinic. At the clinic, a physician, Dr. Peter Gardetto, prescribed an injection of Bicillin. Pamela Kruse, a nurse at the clinic, gave Michael the injection. As a result of the injection, Michael was injured and his right foot was amputated. Michael and his parents commenced this action on March 23, 1990, when Michael was eighteen years and nine months old.[2]

We set out the two competing statutes of limitation. Section 893.33, Stats. (1971), relied upon by the Betthausers, stated in relevant part:

> **Persons under disability.** If a person entitled to bring an action mentioned in this chapter . . . be, at the time the cause of action accrued . . .
> (1) Within the age of 18 years . . .
> . . ..
> (3) . . . the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

---

[2]The parties do not dispute that Michael's injury was apparent at the time of the injection. Thus, there is no discovery problem and Michael's cause of action accrued on that date.

Section 893.56, Stats., relied upon by the health care providers, provides:

> **Health care providers; minors actions.** Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

The question before us is which statute of limitations applies to a given set of facts. This issue presents a question of law. *Kohnke v. St. Paul Fire & Marine Ins. Co.,* 144 Wis. 2d 352, 358, 424 N.W.2d 191, 194 (1988). We decide such a question without deference to the trial court. *Kolpin v. Pioneer Power & Light Co.,* 154 Wis. 2d 487, 491, 453 N.W.2d 215, 216 (Ct. App. 1990).

The general rule in Wisconsin is that:

> in the absence of express language in a statute which imposes a new statute of limitations stating that the statute has retroactive effect and in the absence of any legislative intent that a new statute of limitations be applied retroactively to a cause of action that accrued prior to the effective date of the statute, this court would not apply the new statute of limitations to causes of action accruing prior to the effective date of the statute.

*Gutter v. Seamandel,* 103 Wis. 2d 1, 18, 308 N.W.2d 403, 411 (1981).

The current sec. 893.56, Stats., was not enacted until six years after the accrual of the cause of action.[3] Therefore, under the rule set forth in *Seamandel,* the newer statute of limitations cannot apply to this claim unless the language of the new statute clearly required retroactive application or the legislature clearly intended retroactive application. Nothing in this later statute of limitations suggests that the legislature intended that the statute be applied retroactively.

We find further support for this conclusion in the recent case of *Kohnke,* 144 Wis. 2d at 352, 424 N.W.2d at 191. The facts of that case are similar to the instant case except that the plaintiff in *Kohnke* did not discover his injury until he was twenty-two years old. Like this case, the statute of limitations had been amended during the plaintiff's minority and the supreme court was faced with the question of which limitation period applied: the statute in effect when the plaintiff was injured or the statute in effect at the time of the commencement of the action. See *id.* at 358, 424 N.W.2d at 194.

Applying sec. 990.06, Stats., a codification of the common law rule expressed in *Seamandel,* the supreme court held that the 1959 statutes, secs. 330.205 and 330.33, Stats. (1959), controlled because the negligent act and subsequent injury to Kohnke occurred while those statutes were in effect. *Kohnke,* 144 Wis. 2d at 359, 424 N.W.2d at 194. The court noted that because the ch. 330 statutes had already commenced to run, sec. 990.06 provided that they would determine the viability of the plaintiff's action. *Kohnke,* 144 Wis. 2d at 359, 424 N.W.2d at 194.

---

[3]The current sec. 893.56, Stats., was originally enacted as sec. 893.235, Stats. (1977).

At this juncture of the proceedings, we must take the facts of the complaint as true. *Kemp v. Miller,* 154 Wis. 2d 538, 559, 453 N.W.2d 872, 880 (1990). Those facts demonstrate that the Betthausers' claim was theoretically capable of enforcement as of the date of the injection. See *Kohnke,* 144 Wis. 2d at 359, 424 N.W.2d at 194. Because the alleged negligent act and injury occurred while the former statute of limitations, sec. 893.33, Stats. (1971), was in effect, the disposition of the Betthausers' cause of action is controlled by that statute. *See id.* Pursuant to sec. 893.33, the deadline for bringing this action was Michael's nineteenth birthday. This action was commenced before that date and, therefore, is not barred by the statute of limitations.

The health care providers rely primarily on *Feest v. Allis-Chalmers Corp.,* 68 Wis. 2d 760, 229 N.W.2d 651 (1975), a case which, on its face, contains language supportive of the health care providers' position. Under closer scrutiny, however, we conclude that *Feest* does not control this case.

In *Feest,* the minor plaintiff was injured when the age of majority was twenty-one. The applicable statute of limitations provided that an action by such a person must be brought within one year "after the disability ceases." Section 893.33, Stats. (1967); *Feest,* 68 Wis. 2d at 761, 229 N.W.2d at 652. After the plaintiff's injury, the age of majority law was reduced to eighteen and the statute of limitations law was similarly changed. The plaintiff commenced his action within one year of his twenty-first birthday.

In that context, the supreme court held that the statute of limitations was tolled during the period of the plaintiff's disability. *Id.* at 764, 229 N.W.2d at 653. Thus, the court ruled that secs. 990.06 and 991.07,

Stats., precluding the retroactive application of a statute of limitations which has begun to run, did not apply. *Feest,* 68 Wis. 2d at 765, 229 N.W.2d at 654.

When enacting sec. 893.56, Stats., the legislature consciously decided on policy grounds to substantively reduce the limitations period in health care malpractice actions. In *Feest,* the reduction in the limitations period was not prompted by policy factors intrinsically related to statute of limitations considerations. Instead, the change was prompted by a collateral matter—the change in the law regarding the age of majority. Therefore, we choose to follow the *Seamandel/Kohnke* analysis instead of *Feest.*

Alternatively, if the distinction we have drawn between *Feest* on the one hand and *Seamandel* and *Kohnke* on the other is incorrect, we then question whether *Feest* is still good law in light of *Seamandel* and, particularly, *Kohnke.*

The statute before the supreme court in *Kohnke* was sec. 330.33, Stats. (1959), a substantially identical disability provision to that here in sec. 893.33, Stats. (1971). The court in *Kohnke* held that "[s]ince the Ch. 330 statutes, would have already commenced to run, sec. 990.06, provides they would determine the viability of Kohnke's action." *Kohnke,* 144 Wis. 2d at 359, 424 N.W.2d at 194. This language runs contrary to the court's ruling in *Feest* that the statute of limitations is tolled during the period of disability. In fact, the supreme court's opinions in *Seamandel* and *Kohnke* do not even mention *Feest.*

When decisions of the supreme court appear to be inconsistent, this court follows the most recent pronouncement. *Spacesaver Corp. v. DOR,* 140 Wis. 2d 498, 502, 410 N.W.2d 646, 648 (Ct. App. 1987). Thus, we

conclude that *Kohnke,* with its factually similar chronology, is persuasive.[4] Section 893.33, Stats. (1971), contains the controlling limitation period. The Betthausers' claim was timely filed. The judgment dismissing the amended complaint is reversed and the cause remanded for further proceedings.[5]

*By the Court.*—Judgment reversed and cause remanded with directions.

---

[4]The health care providers also cite *Zielke v. Wausau Memorial Hospital,* 529 F. Supp. 571 (W.D. Wis. 1982). The district court in *Zielke* adopted the *Feest* holding. *Id.* at 575. Because we hold that *Feest* is not persuasive, we likewise do not follow *Zielke.* Moreover, decisions of the federal district courts are not binding on this court. *See State v. Webster,* 114 Wis. 2d 418, 426 n.4, 338 N.W.2d 474, 478 (1983).

[5]After the briefs were filed in this appeal, the Wisconsin Supreme Court decided *Clark v. Erdmann,* 161 Wis. 2d 428, 468 N.W.2d 18 (1991). By letter, the health care providers alerted us to this case, apparently believing that it assists their cause here. It does not. The issue in *Clark* was which statute of limitations—that governing medical malpractice actions (sec. 893.55, Stats.) or that governing personal injury actions (sec. 893.54, Stats.)—applies when both statutes are simultaneously in effect. *Clark,* 161 Wis. 2d at 433, 468 N.W.2d at 19–20. Here, however, the competing statutes of limitations were not simultaneously in effect.