Randall SELTRECHT and Sharon Seltrecht, Plaintiffs-Appellants,†

v.

Christine A. BREMER, Grischke & Bremer, S.C., Rogers & Bremer, Wisconsin Lawyers Mutual Insurance Co., Defendants-Respondents.

Court of Appeals

*No. 96–2065. Submitted on briefs September 4, 1997.—Decided October 7, 1997.*

(Also reported in 571 N.W.2d 686.)

†Petition to review denied.

111

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *J. Ric Gass, Thomas H. Koch* and *John D. Finerty, Jr.*, of *Kravit, Gass & Weber, S.C.*, of Milwaukee.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Terry E. Johnson* and *Peter F. Mullaney* of *Peterson, Johnson & Murray, S.C.*, of Milwaukee.

Before Fine, Schudson and Curley, JJ.

FINE, J.   The main question presented by this appeal is: When a client is represented sequentially by two lawyers, both of whom were arguably negligent with respect to the same matter, can the first lawyer's alleged negligence be a cause of the client's damages if the client would not have sustained any damage if the second lawyer could have prevented the harm but did not? We conclude that the answer to this question is "no." Accordingly, we affirm the trial court's entry of summary judgment dismissing the plaintiffs' complaint against the defendants.

The plaintiffs also object to the trial court's award of costs to the defendants of certified copies of two depo-

112

sitions in the amount of $426.55, and certified copies of medical records in the amount of $255.75. We affirm on this issue as well.

## I.

This is an imbricated medical/legal malpractice case and the material facts underlying this appeal are not in dispute. Sharon Seltrecht is Randall's mother. Randall Seltrecht was born with hand and arm malformations on October 19, 1969. The Seltrechts claim that the malformations were caused by Bucladin, a drug that Thomas Hofbauer, M.D., prescribed for Sharon Seltrecht during her pregnancy, even though the pharmaceutical company allegedly warned against that use.

In July of 1987, the Seltrechts retained lawyer Christine A. Bremer to represent them for the claims they might have in connection with Randall Seltrecht's injuries. On January 18, 1988, Bremer met with Randall Seltrecht and his father, telling them, as memorialized by a letter she wrote the next day, that the applicable statute of limitations had expired on the claim against Dr. Hofbauer. She also told them, as recounted in her letter, "to seek the advice of other attorneys if you, in fact, decide you want another opinion concerning whether you could bring a medical malpractice claim."

The January 18, 1988, meeting did not end Bremer's representation of Randall Seltrecht because there was still a possible lawsuit against the pharmaceutical company. On December 5, 1988, however, Bremer wrote to Randall Seltrecht that as the result of a federal appellate decision involving Bendectin, a different drug, which, like Bucladin, was alleged to be teratogenic, she and her firm would "not be able to

pursue your case." She reiterated her view that the statute of limitations on Randall Seltrecht's medical-malpractice claim against Dr. Hofbauer had run, opining that it "ran on your 10th birthday."[1]

In October of 1991, the Seltrechts hired J. Ric Gass as new counsel.[2] In a letter to Bremer dated October 14, 1991, which raised the specter of a legal-malpractice action against Bremer, Gass opined that the medical-malpractice statute of limitations had not run against Dr. Hofbauer when Randall Seltrecht consulted Bremer, and that a lawsuit against Dr. Hofbauer "could have been successfully commenced in 1988." Gass also told Bremer that there was a "possible argument" that the case could be filed on or before October 21, 1991 (when Randall Seltrecht turned twenty-two), but that Gass did "not believe that to be supportable" in light of *Feest v. Allis-Chalmers Corp.*, 68 Wis. 2d 760, 229 N.W.2d 651 (1975). Nevertheless, Gass advised Bremer that she had Gass's "permission to commence (at your own cost) a lawsuit against Dr. Hofbrauer [*sic*] to secure a determination" of whether the statute of limitations would not run until Randall

---

[1] Section 893.56, STATS. (1989–90), provided:

**Health care providers; minors actions.** Any person under the age of 18, who is not under disability by reason of insanity, developmental disability or imprisonment, shall bring an action to recover damages for injuries to the person arising from any treatment or operation performed by, or for any omission by a health care provider within the time limitation under s. 893.55 or by the time that person reaches the age of 10 years, whichever is later. That action shall be brought by the parent, guardian or other person having custody of the minor within the time limit set forth in this section.

The current provision is identical. *See* § 893.56, STATS. (1995–96).

[2] Gass also represents the Seltrechts on this appeal.

Seltrecht's twenty-second birthday. Gass's letter summarized his view of Bremer's options:

> As indicated above, we do not believe the statutes and case law would now allow commencement of the action [against Dr. Hofbauer]. However, if you disagree with that interpretation, you can commence the action. If you fail to do so, we will assume you agree with our analysis in this regard and believe you would be estopped from even making the assertion that an action could have been commenced prior to 10/19/91.

The next day, Bremer responded by facsimile transmission and claimed that she had told the Seltrechts in 1988 that the statute of limitations in connection with Randall Seltrecht's claim against Dr. Hofbauer would not run until October 19, 1989, two years after his eighteenth birthday, but that she did not want to take the case.[3] She told Gass that she no longer represented Randall Seltrecht, and that if Gass felt that an action should be commenced against Dr. Hofbauer he was free to do so.

---

[3] Bremer's letter to Gass appears to be contradictory. It claims that she told the Seltrechts that the applicable statute of limitations "would run on October 19, 1989," yet she contends that she told the Seltrechts in January of 1988 that she "did not believe that a medical malpractice claim would be viable in light of the problems with the statute of limitations," and wrote to Randall Seltrecht in December of 1988 that she was not interested in pursuing a medical-malpractice claim against Dr. Hofbauer because that claim was "gone as the statute of limitations ran on your 10th birthday." The mention in the December 1988 letter to the statute of limitations running on Randall Seltrecht's twentieth birthday thus seems to refer to the potential claim against the pharmaceutical company and not Dr. Hofbauer.

On October 18, 1991, Gass filed a complaint against Dr. Hofbauer, his employer, two medical-malpractice insurance carriers designated by fictitious names as is permitted by RULE 807.12, STATS., and the Wisconsin Patients Compensation Fund; Randall Seltrecht, his mother, and his wife were the plaintiffs. The action was dismissed for failure to prosecute because the defendants were not served. The statute of limitations as to Dr. Hofbauer has now run, and the Seltrechts have lost their right to sue him.[4]

The trial court dismissed on summary judgment the Seltrechts' legal-malpractice action against Bremer. The trial court ruled that the complaint against Dr. Hofbauer filed by Gass on October 18, 1991, was timely, and, therefore, any negligence by Bremer was not a cause of the Seltrechts' loss of their right to sue Dr. Hofbauer.

## II.

## A.

Our review of a trial court's grant of summary judgment is *de novo. See Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). We first determine whether the complaint states a claim. *Ibid.* If the complaint states a claim, we then determine whether "there is no genuine issue as to any material fact" so that a party "is entitled to a judgment as a matter of law." *See* RULE 802.08(2), STATS.; *Green Spring Farms*, 136 Wis. 2d at 315, 401 N.W.2d at 820. None of the parties disputes whether the Seltrechts'

---

[4] In Wisconsin, the running of a statute of limitations extinguishes the right of the aggrieved party to bring suit. *Haase v. Sawicki*, 20 Wis. 2d 308, 311, 121 N.W.2d 876, 878 (1963).

complaint states a claim of professional malpractice against Bremer. It does. The real issue here is whether, based on the undisputed facts and assuming, without deciding, that Bremer was negligent, she is entitled to judgment as a matter of law.[5] We conclude that she is.

The following chronology helps us analyze whether Bremer's alleged negligence was a cause of any damages sustained by the Seltrechts when they lost their right to sue Dr. Hofbauer.

**October 19, 1969:** Randall Seltrecht was born with birth defects. The law at the time tolled the statute of limitations for persons who were under the disability of minority; that is, who were younger than twenty-one "at the time the cause of action accrued." Section 893.33, STATS. (1967). They could file a lawsuit on that cause of action no later than "one year after" they turned twenty-one. *Ibid.*[6]

---

[5] Bremer conceded for the purpose of the summary judgment motion before the trial court, and concedes for the purpose of this appeal that she "negligently advised [the Seltrechts] with regard to the statute of limitations."

[6] Section 893.33, STATS. (1967), provided:

**Persons under disability.** If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof be, at the time the cause of action accrued, either
   (1)   Within the age of 21 years; or
   (2)   Insane; or
   (3)   Imprisoned on a criminal charge or in execution under sentence of a criminal court for a term less than his natural life, the time of such disability is not a part of the time limited for the

**March 23, 1972:** Wisconsin's age of majority was lowered from twenty-one to eighteen. *See Feest*, 68 Wis. 2d at 762, 229 N.W.2d at 652. This changed the tolling provision, effective March 23, 1972, so that the statute of limitations was tolled for persons who were younger than eighteen "at the time the cause of action accrued." Section 893.33, STATS. (1973). They could file a lawsuit on that cause of action no later than "one year after" they turned eighteen. *Ibid.*; *Feest*, 68 Wis. 2d at 762, 229 N.W.2d at 652.[7]

**June 3, 1975:** Supreme court issued *Feest*. It held that for those plaintiffs who were between eighteen and twenty-one

commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

[7] Section 893.33, STATS. (1973), provided:

**Persons under disability.** If a person entitled to bring an action mentioned in this chapter, except actions for the recovery of a penalty or forfeiture or against a sheriff or other officer for an escape, or for the recovery of real property or the possession thereof be, at the time the cause of action accrued, either
    (1) Within the age of 18 years; or
    (2) Insane; or
    (3) Imprisoned on a criminal charge or in execution under sentence of a criminal court for a term less than his natural life, the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than 5 years by any such disability, except infancy; nor can it be so extended in any case longer than one year after the disability ceases.

on March 23, 1972, when the age of majority was lowered to eighteen, the statute of limitations was tolled until one year after their minority-caused disability ceased, which was the law's effective date of March 23, 1972. *Feest*, 68 Wis. 2d at 764–768, 229 N.W.2d at 653–655.

Feest claimed that he was injured when he was seventeen. *Id.*, 68 Wis. 2d at 762, 229 N.W.2d at 652. He was twenty on March 23, 1972. The supreme court held that his minority-caused disability ceased on that date because he was then older than eighteen, the new age of majority. *Id.*, 68 Wis. 2d at 764–768, 229 N.W.2d at 653–655. Accordingly, sunder § 893.33(3), STATS. (1967), Feest had until March 23, 1973, to commence his action. *Ibid.*

*Feest* rejected the view that the applicable tolling statute was the one in effect when Feest's "cause of action accrued," *see* § 893.33. *Feest*, 68 Wis. 2d at 764–767, 229 N.W.2d at 653.

**July, 1987:**    The Seltrechts retained Bremer.

**June 8, 1988:**    Supreme court issued *Kohnke v. St. Paul Fire and Marine Ins. Co.*, 144 Wis. 2d 352, 424 N.W.2d 191 (1988), a medical-malpractice case.

119

Contrary to *Feest*, *Kohnke* held that the timeliness of a plaintiff's claim was governed by the statute of limitations in effect at the time of the alleged negligent act and injury because the plaintiff's claim "was theoretically capable of enforcement" at that time. *Id.*, 144 Wis. 2d at 359, 424 N.W.2d at 194. The decision did not cite *Feest*.[8]

**December 5, 1988:** Bremer wrote to Randall Seltrecht that she would not represent him in connection with any claim against either the pharmaceutical company or Dr. Hofbauer, opining, among other things, that the statute of limitations on his medical-malpractice claim against Dr. Hofbauer had run "on your 10th birthday."

**September 20, 1991:** This court's decision in *Betthauser v. Medical Protective Co.*, 164 Wis. 2d 343, 474 N.W.2d 783 (Ct. App. 1991), was ordered to be published. *See* RULE 809.23, STATS.

Michael Betthauser was born in 1971. *Id.*, 164 Wis. 2d at 346, 474 N.W.2d at 784. He was allegedly the victim of medical malpractice on April 10, 1972, when he was

---

[8] *Kohnke* also held that the discovery rule of *Hansen v. A.H. Robins Co., Inc.*, 113 Wis. 2d 550, 335 N.W.2d 578 (1983), applied to medical-malpractice actions. *Kohnke*, 144 Wis. 2d at 359–363, 424 N.W.2d at 194–196.

nine months old. *Ibid.*; *Betthauser v. Medical Protective Co.*, 172 Wis. 2d 141, 146, 493 N.W.2d 40, 41 (1992), *affirming* 164 Wis. 2d 343, 474 N.W.2d 783. He filed his lawsuit in 1990, when he was three months shy of his nineteenth birthday. *Betthauser*, 164 Wis. 2d at 346, 474 N.W.2d at 784. Section 893.33, STATS. (1971), the statute of limitations in effect when Betthauser was injured, permitted the action to be filed anytime before he turned nineteen. *Betthauser*, 164 Wis. 2d at 347, 474 N.W.2d at 784. On the other hand, §§ 893.55(1) and 893.56, STATS., in effect at the time Betthauser filed his action, required that any medical-malpractice action be filed no later than the latest of: "Three years from the date of injury," § 893.55(1)(a), STATS. (1989–90); "One year from the date the injury was discovered," § 893.55(1)(b), STATS. (1989–90); "or by the time that person reaches the age of 10 years," § 893.56, STATS. (1989–90). *Betthauser*, 164 Wis. 2d at 347–348, 474 N.W.2d at 784.[9]

[9] Section 893.55(1), STATS. (1989–90), provides:

**Medical malpractice; limitation of actions; limitation of damages; itemization of damages. (1)** Except as provided by subs. (2) and (3), an action to recover damages for injury arising from any treatment or operation performed by, or from any omission by, a person who is a health care provider, regardless of

Noting the apparent conflict between *Feest* and *Kohnke*, *Betthauser* applied *Kohnke*, the supreme court's then "most recent pronouncement," *Betthauser*, 164 Wis. 2d at 350, 474 N.W.2d at 786, and, like *Kohnke*, held that the applicable statute of limitations in a medical-malpractice case was the one in effect at the time of the alleged negligent act. *Betthauser*, 164 Wis. 2d at 345–351, 474 N.W.2d at 783–786. The supreme court affirmed on December 15, 1992. *Betthauser*, 172 Wis. 2d 141, 493 N.W.2d 40 (1992).

**October 18, 1991:**    The Seltrechts were represented by Gass, who filed a summons and complaint in the circuit court alleging that Randall Seltrecht was injured by the medical malpractice of Dr. Hofbauer. The action was later dismissed for lack of prosecution.

**October 19, 1991:**    Randall Seltrecht turned twenty-two.

Published decisions of the court of appeals "have statewide precedential effect." Section 752.41, STATS.

the theory on which the action is based, shall be commenced within the later of:
(a)    Three years from the date of the injury, or
(b)    One year from the date the injury was discovered or, in the exercise of reasonable diligence should have been discovered, except that an action may not be commenced under this paragraph more than 5 years from the date of the act or omission.

Accordingly, on September 20, 1991, when our decision in *Betthauser* was ordered published, it was the law in this state that the applicable statute of limitations in a medical-malpractice case was the one in effect at the time of the alleged negligent act. *Betthauser*, 164 Wis. 2d at 345–351, 474 N.W.2d at 783–786. Accordingly, the applicable statute of limitations for Randall Seltrecht's damages was the one in effect in 1969. Under that law, Randall Seltrecht had until he turned twenty-two on October 19, 1991, to sue Dr. Hofbauer.

A lawyer in a professional-malpractice case is not liable to the plaintiff unless the lawyer's alleged negligence was a cause of the plaintiff's damages. *Helmbrecht v. St. Paul Ins. Co.*, 122 Wis. 2d 94, 103, 362 N.W.2d 118, 124 (1985). Where the claimed damage is the loss of a legal right, the person is not damaged until that right is, in fact, lost. *Hennekens v. Hoerl*, 160 Wis. 2d 144, 147–160, 465 N.W.2d 812, 813–819 (1991) (plaintiff suffered damage when he lost the right to rescind a promissory note); *Boehm v. Wheeler*, 65 Wis. 2d 668, 678, 223 N.W.2d 536, 541 (1974) (plaintiffs damaged by attorney's failure to timely file patent application when they lost right to get patent); *Denzer v. Rouse*, 48 Wis. 2d 528, 533, 180 N.W.2d 521, 524 (1970) (damage occurs when rights of parties are fixed).

The Seltrechts' right to sue Dr. Hofbauer was not lost until Gass let the timely filed October 18, 1991, complaint be dismissed for lack of prosecution. Stated another way, had Gass not let the October 18 complaint be dismissed for lack of prosecution, the Seltrechts' right to seek damages from Dr. Hofbauer would not have been lost, irrespective of what Bremer might have

or might not have done. Accordingly, as the trial court held, Bremer's alleged earlier negligence was not, as a matter of law, a cause of the Seltrechts' loss of their cause of action against Dr. Hofbauer.[10] *Cf. General Accident Ins. Co. v. Schoendorf & Sorgi*, 202 Wis. 2d 98, 104 & 105 n.7, 549 N.W.2d 429, 432 n.7 (1996) (alleged initial negligence by law firm in drafting pension and profit-sharing plan not a cause of damages sustained by client after another firm negligently failed to bring plan into compliance) (action for contribution brought by second law firm against the first).

### B.

The Seltrechts complain that the trial court erroneously awarded to the defendants costs of certified copies of two depositions in the amount of $426.55, and certified copies of medical records in the amount of $255.75, contending that *Kleinke v. Farmers Cooperative Supply*, 202 Wis. 2d 138, 549 N.W.2d 714 (1996), prohibits reimbursement of costs for those items. We affirm.

As material to this appeal, § 814.04(2), STATS., permits the recovery of the following: "amounts actually

---

[10] A simple example illustrates this point. Assume that Sally Smith is injured in an automobile accident on January 1, 1993. On January 1, 1994, she retains a lawyer who tells her erroneously that the applicable statute of limitations expired on December 31, 1993. A year later, she retains another lawyer who correctly tells her that under § 893.54, STATS., she has three years within which to file her lawsuit against the other driver. The second lawyer does not, however, timely commence Smith's lawsuit, as the lawyer is instructed to do. Whatever damages Smith suffers as a result were caused by the second lawyer, not the first.

paid out for certified copies of papers and records in a public office," and costs of "depositions including copies." This statute must be interpreted literally. *Kleinke*, 202 Wis. 2d at 148, 549 N.W.2d at 718; *Ramsey v. Ellis*, 163 Wis. 2d 378, 385–386, 471 N.W.2d 289, 292–293 (Ct. App. 1991). The trial court correctly allowed $426.55 for the certified copies of depositions—the plain meaning of § 814.04(2) permits this. The allowance of the $255.75 for certified copies of medical records is more problematic. Section 814.04(2) allows as costs the amounts paid for certified copies of documents found "in any public office." The record on appeal does not indicate whether the medical records satisfy that prerequisite, and neither party has adequately briefed that issue. Nevertheless, we affirm because it is the burden of the appellant to demonstrate that the trial court erred, and to present us with a record that contains a factual predicate for its legal arguments. *Duhame v. Duhame*, 154 Wis. 2d 258, 269, 453 N.W.2d 149, 153 (Ct. App. 1989) (when presented with incomplete appellate record in connection with issue raised by appellant, we must assume that the missing material supports the trial court's ruling); *State Bank of Hartland v. Arndt*, 129 Wis. 2d 411, 423, 385 N.W.2d 219, 225 (Ct. App. 1986) (burden on appellant to ensure that record is sufficient to address issues raised on appeal). The Seltrechts have not met that burden.

*By the Court.*—Judgment and orders affirmed.