**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**March 9, 2023**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2022AP407**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022SC116

**IN COURT OF APPEALS**
**DISTRICT IV**

---

HEARTLAND TIMBER TRAILS,

    PLAINTIFF-RESPONDENT,

V.

JASON BORGEN AND ALINA SCHAFER,

    DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Wood County: GREGORY J. POTTER, Judge. *Affirmed*.

¶1 BLANCHARD, P.J.[1] Jason Borgen and Alina Schafer, pro se, appeal the circuit court's judgment for eviction entered in favor of Heartland Timber Trails.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶2     There is little development of legal issues in the appellate brief filed by Borgen and Schafer.  Beyond that, however, what settles this appeal is the fact that Borgen and Schafer have failed to ensure that the record includes the transcript of the hearing at which the circuit court took evidence and gave reasoning to support whatever specific findings or determinations Borgen and Schafer may intend to argue constituted error.  Puzzlingly, the brief makes reference to the "Official Trial Court Transcript," but the record does not reflect a transcript or even that any transcript was ordered.

¶3     "We are bound by the record as it comes to us," and "when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the [circuit] court's ruling." *Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26-27, 496 N.W.2d 226 (Ct. App. 1993); *see also **Butcher v. Ameritech Corp.***, 2007 WI App 5, ¶35, 298 Wis. 2d 468, 727 N.W.2d 546 (the appellant bears the responsibility of providing the appellate courts with a record that is sufficient to review the issues being raised); WIS. STAT. RULE 809.11(4).  In addition, the appendix to the appellants' brief violates WIS. STAT. RULE 809.19(2)(a) because it lacks "the findings or opinion of the circuit court" and "limited portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding those issues."

¶4     On a related point, "it is the burden of the appellant to demonstrate that the [circuit] court erred." *Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).  Borgen and Schafer cannot meet this burden because the March 3, 2022 order that they purport to challenge on unclear grounds does not even include, much less address the substance of, the circuit court's reasoning on

any issue. In other words, they are unable to demonstrate that the circuit court committed an error when no reasoning of the court is reflected in the record.

¶5 Heartland has failed to file a brief. However, summary reversal would not be appropriate, given the nature of the appellants' brief and the state of the record.

*By the Court*.—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.