COURT OF APPEALS
DECISION
DATED AND FILED

December 6, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP336**

STATE OF WISCONSIN

Cir. Ct. No. **2021CV48**

IN COURT OF APPEALS
DISTRICT II

CITY OF ELKHORN,

   PLAINTIFF-RESPONDENT,

 V.

GREG MUELLER,

   DEFENDANT-APPELLANT,

JEFF ZWIEBEL,

   DEFENDANT.

APPEAL from an order of the circuit court for Walworth County: DAVID M. REDDY, Judge. *Affirmed.*

¶1 GROGAN, J.[1] Greg Mueller, pro se, appeals from a contempt order that was entered after he failed to bring property he leased into compliance with the zoning code as previously ordered by the circuit court. This court affirms.

## I. BACKGROUND

¶2 This appeal stems from the City of Elkhorn's injunction lawsuit against Mueller and Jeff Zwiebel[2] filed in February 2021. The City alleged that Mueller's small engine repair business being operated at 5438 State Road 11, together with outdoor storage associated with it, violated the City's zoning code. The property was zoned B-2, and under the City's ordinance, B-2 only allowed a small engine repair business with a conditional use permit (CUP). Mueller attempted to obtain a CUP in May 2019, but his request was denied. Despite the denial, Mueller continued to operate his small engine repair business.

¶3 When Mueller filed his Answer[3] to the City's Complaint, he admitted that he runs a small engine repair business. In his Answer, he said the zoning codes permit his business and outdoor storage, that other B-2 zoned properties "have stuff stored outside in their yards," and that his business has served "16 thousand citizens each year."

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] Jeff Zwiebel owned the property involved and leased it to Mueller. Zwiebel is not an appellant.

[3] Mueller filed the Answer pro se. Zwiebel did not file an answer. However, it appears Mueller filed a separate "Answer and Counterclaim" that Zwiebel signed.

¶4     The City filed a motion for default judgment against Zwiebel and judgment on the pleadings against Mueller.  The circuit court held a hearing on the motion in June 2021, and in July 2021, the court entered an order granting the City's motions and enjoining "the Defendants … from running Greg's Repair at 5438 State Road 11[.]"  However, the court stayed the order "for thirty days to allow Defendant, Greg Mueller, to apply for a conditional use permit."

¶5     Mueller applied for a CUP, but his application was denied.  In January 2022, the City moved to lift the stay of the injunction order after it learned Mueller continued to operate his business.  The circuit court granted the order, lifted the stay, and ordered that Mueller and Zwiebel "must cease operating Greg's Repair at 5438 State Road 11[.]"  Mueller thereafter filed a motion for reconsideration asserting he never received notice of the second CUP hearing and requesting that the court keep the stay in place until Mueller could exhaust his appeal options.

¶6     The City filed a motion for contempt asking the court to find Mueller in contempt of court for continuing to run his business and for having items stored outdoors on the property in violation of the injunction order, and Mueller thereafter filed a motion to reopen.  The circuit court held a hearing on the motions on August 16, 2022, and entered an order on August 31, 2022, that: (1) denied Mueller's motions for reconsideration and to reopen; (2) found Mueller in contempt of court for violating the injunction order; and (3) imposed remedial sanctions consisting of a $2,000 fine plus $200 a day for each day Mueller continued to violate the injunction order.  The court, however, stayed the sanctions, indicating the contempt sanctions could be purged if Mueller: (1) "remove[s] all items stored outdoors that are pictured in Exhibit 1 … no later than August 31, 2022; and" (2) pays "$1,200 for attorney fees and $130 for the

cost of service of process" to the City's attorneys by October 14, 2022.  That order stated it was based on witness testimony the court heard at the hearing and "for the reasons on the record" expressed at the hearing.

¶7    In November 2022, the City filed a second contempt motion based on information that Mueller continued to operate his business and have outdoor storage prohibited by the injunction order.  The circuit court held a hearing on the motion on December 28, 2022.  After hearing "the testimony of witnesses and the arguments of the parties and being otherwise fully advised in the premises, for the reasons [stated] on the record," the court entered a written order dated January 6, 2023, finding Mueller in contempt for failing to comply with the August 2022 order.  The court ordered Mueller to pay the previously imposed remedial sanctions, which totaled $15,400, and ordered Mueller to spend six months in jail unless he stopped operating his business, removed all the outdoor storage, and paid the City the $1,330 it "incurred in bringing this second motion for contempt."

¶8    Mueller appeals from the January 2023 order.  He advised this court that no transcripts were necessary for it to decide his appeal, and the Record therefore contains no transcripts.[4]

---

[4] After Mueller notified this court that transcripts were unnecessary, the City filed a motion in the circuit court asking that court to compel Mueller, as the appellant, to request the transcript for the December 28, 2022 hearing that is the subject of this appeal.  Mueller responded to that motion in the circuit court, stating that he believed a transcript of that hearing was unnecessary because "there is plenty of merit in just the documents[.]"  A May 24, 2023 entry in the circuit court's minutes, available on the Wisconsin Circuit Court Access website (often referred to as "CCAP"), indicates that the circuit court denied the City's motion to compel Mueller to order the transcript.

## II. STANDARD OF REVIEW

¶9      In reviewing an order finding contempt of court, this court will not reverse the circuit court's finding "unless the finding is clearly erroneous." *Oliveto v. Circuit Ct. for Crawford Cnty.*, 194 Wis. 2d 418, 428, 533 N.W.2d 819 (1995).

## III. DISCUSSION

¶10     The argument section of Mueller's brief is two short paragraphs.  It provides in full:

> In short, the circuit court had the evidence before them from Greg Mueller that the court order has been complied with, and the finding of contempt should have not have happened.  Furthermore the courts had the information of conflict of interest between the City and the witness and still moved further.  Also, with no definition of outside storage and no denial letter from the city board the court should not have move forward seeing how Greg Mueller's rights of due process where [sic] being violated.
>
> The circuit court improperly drew conclusions about the evidence and accepted the unethical facts from a city of elkhorns [sic] contracted witness without consideration of the deposition testimony made part of [the] record by Greg Mueller.  In granting judgment the circuit court improperly made credibility determinations about the evidence, selectively relied on certain evidence without consideration of any other, and failed to view the evidence in the light most favorable to Greg Mueller.

¶11     Mueller does not cite to any legal authority, which is required.  *See* WIS. STAT. RULE 809.19(1)(e) (Parties must support their legal arguments "with citations to the authorities, statutes and parts of the record relied on[.]").  In addition, parties must develop their arguments by applying the legal authorities they cite to the facts of the case.  *See id.*  Although Mueller is representing himself in this appeal, his briefs must still comply with these requirements.  *See **Waushara***

5

*County v. Graf*, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992) (pro se appellants "are bound by the same rules that apply to attorneys on appeal"). It is not the appellate court's responsibility to develop arguments for a party, and this court is not required to address arguments that are undeveloped or unsupported by citations to the Record. *See Doe 1 v. Madison Metro. Sch. Dist.*, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 (appellate courts "'do not step out of our neutral role to develop or construct arguments for parties'" (citation omitted)). This is because an appellant bears the burden to demonstrate how the circuit court erred. *Gaethke v. Pozder*, 2017 WI App 38, ¶36, 376 Wis. 2d 448, 899 N.W.2d 381.

¶12   As best as this court can tell, Mueller claims he complied with the court's order, as evidenced by the photographs he submitted showing all items had been removed from the property in late August 2022. However, the Record also contains evidence demonstrating that, although Mueller may have temporarily removed the outdoor storage in August, he continued to run his business, and he returned the removed items to the property sometime after taking those photos. The injunction entered by the circuit court was not a temporary order. It required Mueller to cease operation of his business and remove outdoor storage permanently because he was operating in violation of the zoning code.

¶13   Mueller's other argument seems to challenge the circuit court's credibility determinations and reliance on certain evidence over other evidence. This court's appellate functions do not include weighing the testimony and credibility of the various witnesses. *See Lang v. Lowe*, 2012 WI App 94, ¶16, 344 Wis. 2d 49, 820 N.W.2d 494. Rather, this court defers to the circuit court's credibility determinations. *See Cogswell v. Robertshaw Controls Co.*, 87 Wis. 2d

243, 250, 274 N.W.2d 647 (1979) ("the trial judge is the ultimate arbiter of the credibility of the witnesses").

¶14     As the appellant, it is Mueller's burden "to demonstrate that the trial court erred[.]"  *See Seltrecht v. Bremer*, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).  It is also his "responsibility to ensure completion of the appellate record and 'when an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.'"  *See State v. McAttee*, 2001 WI App 262, ¶5 n.1, 248 Wis. 2d 865, 637 N.W.2d 774 (citation omitted).  Thus, when a circuit court's decision is based on findings of fact based on testimony at a hearing, and the reasoning for the court's decision is set forth in the hearing transcript, the appellant has the burden to provide those transcripts.

¶15     Without the transcripts relevant to Mueller's appeal, it is impossible for this court to conclude that the circuit court erred because this court must assume the circuit court's reasoning supported its findings of fact, assessment of the evidence, and credibility determinations.  *See Gaethke*, 376 Wis. 2d 448, ¶36 (appellant is "unable to demonstrate the circuit court erroneously exercised its discretion where the court's reasons for exercising its discretion as it did are not included in the record").  Because there is no transcript to review, Mueller cannot meet his burden of establishing that the circuit court erred, and consequently, this court cannot conclude the court's findings, reasons, evidentiary assessments, or credibility determinations were erroneous.

        *By the Court.*—Order affirmed.

        This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.