**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 24, 2024**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP312-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF646

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

RYAN PATRICK MCKEOWN,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment and order of the circuit court for Sheboygan County: SAMANTHA R. BASTIL, Judge. *Affirmed*.

        Before Gundrum, P.J., Neubauer and Lazar, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Ryan Patrick McKeown, pro se, appeals from a judgment convicting him of felony bail jumping and an order denying his postconviction motions. On appeal, McKeown seeks plea withdrawal. He also asserts that he is entitled to resentencing because his sentence is unduly harsh. Based upon our review of the briefs and Record, we affirm.

¶2 We first observe that McKeown's brief does not comply with several rules of Wisconsin appellate procedure.[1] It fails to include "[a] statement of the issues presented for review and how the [circuit] court decided them." WIS. STAT. RULE 809.19(1)(b) (2021-22).[2] It also fails to include a proper statement of the case, including "a description of the nature of the case," "the procedural status of the case leading up to the appeal," and "a statement of facts relevant to the issues presented for review, with appropriate references to the record."[3] RULE 809.19(1)(d).

¶3 In addition, McKeown fails to include in his appendix "limited portions of the record essential to an understanding of the issues raised, including oral or written rulings or decisions showing the circuit court's reasoning regarding

---

[1] This court declined the first brief and appendix that McKeown attempted to file in this appeal. By order dated June 10, 2023, we provided McKeown with specific briefing requirements, explained why his first brief would not be accepted, and directed his attention to the pro se appellant's guide that we had previously provided to him. The brief and appendix currently before us were filed in response to our June 2023 order.

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] To be fair, McKeown's brief does include properly entitled sections, such as statements of the issues, case, and facts. However, these sections do not contain the statutorily required information. Instead, McKeown makes references in these sections to human trafficking, war crimes, and various infamous individuals—topics which shed no light on the procedural history of this appeal or the circuit court's reasoning in the decisions McKeown challenges on review.

those issues." WIS. STAT. RULE 809.19(2)(a). Furthermore, the Record does not contain the transcripts from the postconviction motion hearings, which are necessary for our appellate review. WIS. STAT. RULE 809.15(1)(a)13.

¶4 Despite McKeown's failure to provide a proper statement of the case, we have been able to glean the following from the Record. The State charged McKeown with one count of felony bail jumping as a repeater, and one count of misdemeanor bail jumping as a repeater. McKeown entered into a plea agreement with the State that resolved those charges and several other criminal cases. McKeown entered a plea of no contest to the felony bail jumping charge, with the repeater enhancement, and to additional charges in several of the other cases. Pursuant to the plea agreement, the State recommended a sentence of probation with a six-month county jail term as a condition.

¶5 After considering the arguments of the parties and the required sentencing factors, the circuit court sentenced McKeown to three years of initial confinement and three years of extended supervision for the felony bail jumping conviction. The court imposed a $150 fine in one of the other cases, and time-served sentences in the remaining cases.

¶6 McKeown filed a notice of intent to seek postconviction relief. Arguing that the prison sentence was unduly harsh, his appointed counsel filed a sentence modification motion. While represented by counsel, McKeown filed several pro se postconviction motions, including a motion for a change of venue and a "Motion for [a] Change of Judge/Miranda Goodchild Hearing." After holding two hearings on the various postconviction motions, the circuit court denied the motions "for the reasons stated on the record at both hearings." As we

have noted, McKeown has failed to ensure that the transcripts from those hearings are available to this court.[4]

¶7    McKeown now appeals from both the judgment of conviction and the order denying his postconviction motions.  He appears to argue that he is entitled to plea withdrawal and/or resentencing on the grounds that the circuit court erred in accepting his plea to the felony bail jumping charge and that the sentence imposed was unduly harsh.

¶8    McKeown bears the burden on appeal to persuade us that the circuit court erred.  *See **Seltrecht v. Bremer***, 214 Wis. 2d 110, 125, 571 N.W.2d 686 (Ct. App. 1997).  An appellate court cannot properly serve as both advocate and judge, *see **State v. Pettit***, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992), and thus, it is inappropriate for us to "abandon our neutrality to develop arguments" for McKeown, *see **Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.  *See also **Doe 1 v. Madison Metro. Sch. Dist.***, 2022 WI 65, ¶35, 403 Wis. 2d 369, 976 N.W.2d 584 ("[Appellate courts] do not step out of our neutral role to develop or construct arguments for parties; it is up to them to make their case." (citation omitted)).

¶9    Because McKeown fails to develop sufficient legal arguments as to why the circuit court erred in imposing sentence and in denying his postconviction motions, we could end our discussion of the issues here.  However, we have

---

[4] In his Statement on Transcript for this appeal, McKeown represented as follows:  "All transcripts necessary for this appeal are already on file and satisfactory arrangements with the court reporter(s) for service of a copy of the transcript(s) on the other parties have been made." The Statement on Transcript included details regarding the appellant's obligations to prepare and file the transcripts necessary for the appeal.

independently reviewed the Record, including transcripts from the plea and sentencing hearings, and we conclude that the circuit court conducted a proper plea colloquy with McKeown and did not erroneously exercise its sentencing discretion. We further conclude that nothing in the Record supports McKeown's argument that the court erred in denying his postconviction motions. We discuss each argument in turn below.

¶10    In order to withdraw a plea after sentencing, a defendant must either show that the plea colloquy was defective in a manner that resulted in the defendant actually entering an unknowing plea, or demonstrate some other manifest injustice such as coercion, the lack of a factual basis to support the charge, ineffective assistance of counsel, or failure by the prosecutor to fulfill the plea agreement. *State v. Bangert*, 131 Wis. 2d 246, 272-276, 389 N.W.2d 12 (1986); *State v. Krieger*, 163 Wis. 2d 241, 249-51 & n.6, 471 N.W.2d 599 (Ct. App. 1991). There is no indication of any such defect here.

¶11    Pursuant to a plea agreement, McKeown entered a no contest plea to felony bail jumping, as a repeater. The circuit court conducted a standard plea colloquy, inquiring into McKeown's ability to understand the proceedings and the voluntariness of his plea decision, and further exploring his understanding of the nature of the charge, the penalty range and other direct consequences of the plea, and the constitutional rights being waived. *See State v. Hoppe*, 2009 WI 41, ¶18, 317 Wis. 2d 161, 765 N.W.2d 794; and *Bangert*, 131 Wis. 2d at 266-72.

¶12    McKeown's counsel affirmed that there was a factual basis for the plea, and there is nothing in McKeown's brief or the Record that leads us to conclude otherwise. The circuit court went to great lengths during the plea colloquy to ensure that McKeown fully grasped the ramifications of his plea. In

fact, after McKeown's responses to the court during the plea colloquy when he indicated some uncertainty and confusion, the court ended the initial plea hearing and set it over for a second hearing to allow McKeown more time to discuss matters with his attorney and consider his options.

¶13     In addition, at that second hearing, McKeown indicated satisfaction with his attorney and that he fully understood the plea proceedings. Nothing in our independent review of the Record would support a claim that McKeown's counsel rendered ineffective assistance. McKeown has not alleged any other facts in his brief that would give rise to a manifest injustice. Therefore, the plea was valid and operated to waive all nonjurisdictional defects and defenses, aside from any suppression ruling.[5] *See State v. Kelty*, 2006 WI 101, ¶18, 294 Wis. 2d 62, 716 N.W.2d 886.

¶14     McKeown also fails to demonstrate that the circuit court improperly exercised its sentencing discretion. In imposing sentence, the court considered the seriousness of the offense, McKeown's character, and the need to protect the public. *See State v. Gallion*, 2004 WI 42, ¶¶40-44, 270 Wis. 2d 535, 678 N.W.2d 197. Both McKeown and his attorney had the opportunity to address the court directly, and both did so prior to the court's imposition of sentence. The court also considered statements in support of McKeown that the victim made at sentencing.

¶15     Along similar lines, McKeown has failed to persuade us that the sentence was excessive. The circuit court imposed a sentence of three years of initial confinement and three years of extended supervision. For the underlying

---

[5] No suppression rulings were filed by McKeown in this case.

offense itself, McKeown faced a possible sentence of three years of initial confinement and three years of extended supervision. *See* WIS. STAT. §§ 946.49(1)(b) (classifying felony bail jumping as a Class H felony); 939.50(3)(h) (providing maximum penalties for a Class H felony); 973.01(2)(b)8. (providing maximum period of initial confinement for a Class H felony). However, having been convicted as a repeater with a prior felony conviction, McKeown also faced an additional two years of imprisonment. *See* WIS. STAT. § 939.62(1)(b) (providing enhanced penalties for repeaters). The court imposed only a portion of the maximum imprisonment that McKeown faced, and provided numerous reasons as to why it found the length of confinement necessary under the circumstances. Under the circumstances, we cannot reasonably conclude that McKeown's sentence is excessive, much less so excessive as to shock public sentiment. *See Ocanas v. State*, 70 Wis. 2d 179, 185, 233 N.W.2d 457 (1975).

¶16     Finally, we conclude that McKeown has failed to demonstrate that the circuit court erroneously exercised its discretion in denying his postconviction motions. As noted above, McKeown was responsible for ensuring completion of the Record. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 26, 496 N.W.2d 226 (Ct. App. 1993). McKeown's failure to ensure that the Record includes the transcripts related to the claims that he advances in his brief is fatal to this issue. *See id.* at 27 (explaining that appellate courts "must assume that the missing material supports the [circuit] court's ruling"). Without transcripts of the two postconviction hearings that may demonstrate otherwise, we assume that the court properly exercised its discretion in denying the motions.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.